1998 ME 173

## GUSTAVUS ADOLPHUS COLLEGE, et al.

v.

## DEPARTMENT OF TRANSPORTATION.

Supreme Judicial Court of Maine.

Submitted on Briefs April 16, 1998.

Decided July 14, 1998.

Richard G. Cervizzi, Scarborough, for plaintiffs.

Eugene W. Murray, Legal Division, Department of Transportation, Augusta, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] Gustavus Adolphus College (the College) appeals from a judgment of the Superior Court (Cumberland County, *Brennan, J.*) granting a motion to dismiss the College's complaint appealing an award of the State Claims Commission (the Commission). On appeal the College contends that the court erred in concluding that its failure to give notice to the Commission of its intention to appeal the award, pursuant to 23 M.R.S.A. § 156 (1992 & Supp.1997), required the dismissal of its complaint. Finding no error, we affirm the judgment.

[¶ 2] The relevant facts may be summarized as follows: The Department of Transportation (DOT) offered the College a total of $15,000 as just compensation for two pieces of the College's property taken for public purposes by right of eminent domain. The College requested that the matter be referred to the Commission pursuant to 23 M.R.S.A. § 154 (1992 & Supp.1997). After a hearing, the Commission awarded no additional compensation and sent a copy of its decision to the College. By letter of transmittal, the Commission informed the College of its right to appeal and stated that 23 M.R.S.A. § 157, a copy of which was attached to the letter, "describes the procedure to be followed on appeals." Also included with the letter was a copy of 23 M.R.S.A. § 156 that imposes an additional requirement that, within 30 days, a party "designate to the Commission the award or awards from which an appeal will be taken to Superior Court." The College appealed, filing a complaint in the Superior Court and serving it on DOT in accordance with section 157. DOT then moved to dismiss on the basis that the College had failed to designate to the Commission its intention to appeal in accordance with section 156. The Court dismissed the College's complaint holding that section 156 "requires that the plaintiff serve the complaint ('designate to the commission the award or awards from which an appeal will be taken to Superior Court', § 156) within the same 30-day period." The College now appeals from the judgment of the court.

[¶ 3] The Maine Constitution forbids the taking of private property for public use without an award of just compensation. Me. Const. art. 1, § 21 (Supp.1997). A proceeding to assess the amount of just compensation, however, is not a 'civil suit' and there is no constitutional right to a trial by jury. *See Kennebec Water District v. Waterville*, 96 Me. 234, 249, 52 A. 774, 781 (1902). In the absence of any constitutional limitations, the Legislature may prescribe the terms, conditions and methods for the evaluation of just compensation for the taking of private property. *Id.* at 246, 52 A. 774, 779.

[¶ 4] In the circumstances of the present case, DOT is authorized to take private property and hold it as part of a State highway system. 23 M.R.S.A. § 153–B (Supp.1997). If a dispute arises concerning an offer of just compensation proposed by DOT, a landowner may have the matter referred to the Commission [1] for an assessment of the damage. 23 M.R.S.A. § 154(3)(F) (Supp.1997).

[¶ 5] Although the College followed the appeal procedure set forth in section 157 and served a complaint on DOT, it failed to give any notice to the Commission of its intention to appeal. The College now argues that (1) notice is not required; (2) the Commission misled it by referring only to section 157 in its notice of award; and (3) compliance is impossible because section 156 is ambiguous.

[¶ 6] We find no basis for ignoring the plain requirement of notice set forth in section 156. The letter the Commission sent to the College describing the appeal process is not required by statute. *Cf. Seider v. Bd. of Exam'rs of Psychologists*, 1998 ME 78, ¶ 5, 710 A.2d 890, 892, (statutorily required notice of right of appeal given mandatory effect). Even though the letter referred only to section 157, a copy of the relevant portion of section 156 was included. With regard to the ambiguity of the term "designate," it is undisputed that the College failed to provide any form of notice to the Commission. We have no occasion to define the term "designate" precisely, but we reject the court's conclusion that it is synonymous with "serve." "Service" has a specific and distinct legal meaning that is defined in the statute: "Service as required by this section [§ 156] must be made in the manner prescribed by Rule 5 of the Maine Rules of Civil Procedure." 23 M.R.S.A. § 156. The Legislature's failure to specify "service" in the context of notifying the Commission indicates that formal service as prescribed in the Rules of Civil Procedure is not required. Certainly, any form of timely written notice would serve the evident statutory purpose of

---

1. Section 151 establishes the State Claims Commission as a neutral organization to evaluate and determine "the fair market value of property taken in condemnation proceedings...." 23 M.R.S.A. § 152 (1992).

insuring proper distribution and payment of the award.

The entry is:

Judgment affirmed.

