STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: CV-07-372
                                                  RAC-CUM- 10/2/2007

JEANANNETTE WANING,

                    Plaintiff,
                                                  **ORDER ON DEFENDANT'S**
        v.                                        **MOTION TO DISMISS**

MAINE DEPARTMENT
OF TRANSPORTATION

                    Defendant.

This matter comes before the Court on Defendant Maine Department of

Transportation's ("MeDOT") Motion to Dismiss Plaintiff's complaint for failure

to comply with the statutory notice requirements pursuant to 23 M.R.S.A. § 156.

## BACKGROUND

Plaintiff Jeanannette Waning ("Ms. Waning") resides at 781 Lewiston

Road, New Gloucester, Maine. In July 2003 Ms. Waning filed a complaint with

MeDOT for damage to her well pursuant to 23 M.R.S.A. § 652.[1] MeDOT

acknowledged responsibility for the damage and drilled a new well. Ms.

---

[1] The damage was a tainted water supply (well) caused by salt run-off from road maintenance. 23 M.R.S.A. § 652(2)(B) reads in pertinent part:

> B. If the department determines that any damage to the privately owned water supply was caused by the department constructing, reconstructing or maintaining the highway, a copy of the determination shall be served by registered or certified mail or by personal service as required for service of a summons on a complaint in the Superior Court and shall set forth an offer of settlement which shall be either:
>
> (1) To replace the water supply; or
>
> (2) To repair the damage to the water supply; or
>
> (3) To pay a designated sum of money; or
>
> (4) To purchase the realty served by the water supply in the event the cost of repair or replacement of the water supply exceeds the appraisal value of the realty.

23 M.R.S. § 652(2)(B) (2007).

1

Waning asserts that the new well is tainted and that MeDOT has failed to meet its statutory obligations pursuant to section 652(2)(B).

The State Claims Commission ("Commission") held a hearing on the matter on May 16, 2007. On June 5, 2007 the Commission rendered a decision on Ms. Waning's claim, offering a settlement amount of $4,125.00. That decision contained several errors, including the address and the amount of the award.[2] An amended decision was rendered on July 10, 2007.

On June 26, 2007, Ms. Waning sent notice of appeal to MeDOT. This Complaint was filed on June 27, 2007.

MeDOT moves to dismiss this complaint for failure of Ms. Waning to notify the Commission of her intent to appeal pursuant to 23 M.R.S.A. § 156 (emphasis added).[3] The time for notice of appeal began to accrue, asserts MeDOT, from the date of the Commission's original award notice on June 5, 2007.

---

[2] MeDOT lists the errors in the June 5 award notice as: 1) a damages award $752.62 less than the actual award, 2) a record that MeDOT had already paid the award, and 3) an incorrect property address. There was some dispute at hearing regarding the difference in award amount between the June 5th and July 10th awards, but neither party disputed that the amended award was for a greater amount.

[3] MeDOT concedes that Ms. Waning filed timely in Superior Court pursuant to 23 M.R.S.A. § 157. However, pursuant to 23 M.R.S.A. § 156, she was required to first notify the Commission within 30 days of the issuance of the award. § 156(8) reads in pertinent part:

> An attested copy of each award must be sent immediately to the Department of Transportation and to the party or parties named in the award. The State Claims Commission shall state by letter the date it forwarded the award and all parties shall within 30 days designate to the commission the award or awards from which an appeal will be taken to Superior Court. If no appeal is taken within 30 days of the date of issuance of the commission award, the State Claims Commission shall promptly notify the Department of Transportation. The Department of Transportation shall, within 60 days from the date of issuance of the commission award, pay the awarded amount to the party or parties named in the award.

23 M.R.S. § 156(8) (2007) (emphasis added).

Ms. Waning counters that the errors in the June 5th award letter necessitated an amended award letter, which was received by her on July 10, 2007. The time of notification, she asserts, should run from the amended award letter. Ms. Waning sent a notification letter to the Commission on August 8, 2007, within thirty-days of July 10, 2007 and thus within the notice period under § 156.

## DISCUSSION

### 1. Standard of Review.

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. Because the Court reviews the complaint in the light most favorable to the plaintiff to ascertain whether it properly sets forth elements of a cause of action, "the material allegations of the complaint must be taken as admitted." *Id.* ¶ 5, 707 A.2d at 85. "We determine whether the complaint 'sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Doe v. District Attorney*, 2007 ME 139, ¶ 20, __ A.2d ___ (*quoting Persson v. Dep't. of Human Servs.*, 2001 ME 124, ¶ 8, 775 A.2d 363, 365). Dismissal is warranted only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts" that might be proved in support of the claim. *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246.

### 2. Is Ms. Waning Claim Barred Under 23 M.R.S.A. § 156?

At issue on MeDOT's Motion to Dismiss is whether the 30-day notice period under section 156 begins to run from the date of the Commission's original decision on June 5, 2007, or from the amended decision on July 10, 2007. It is well settled that "[s]tatutory periods of appeal are not subject to a court-

3

order enlargement of time." *City of Lewiston v. Me. State Employees Assoc.*, 638 A.2d 739, 741 (Me. 1994) "If a party does not file an appeal within the statutory period, the Superior Court has no legal power to entertain the appeal." *Id.*

There is no dispute that Ms. Waning sent a timely notice of appeal to MeDOT on July 26, 2007 and filed her complaint on July 27, 2007. The Law Court has, however, found such notice to MeDOT insufficient notice to the Commission under section 156. *See Gustavus Adolphus College v. Dept. of Transp.*, 1998 ME 173, ¶ 6, 714 A.2d 802, 803.[4] Ms. Waning did send notice to the Commission on August 8, 2007 and such notice would be timely if counted from the July 10th amended decision.

Ms. Waning argues that the appeal should be taken from the date of the amended decision because "it is the entry of the judgment appealed from, and not the underlying decision of the court... that triggers the appeal period..." *Davis v. Bruk*, 411 A.3d 660, 662 (Me. 1980).[5] This case, however, concerns an administrative decision that was amended based on errors contained in the original decision.

The Law Court has found the general rule to be:

> Where a judgment is amended in a material and substantial respect the time within which an appeal from such determination may be taken begins to run from the date of the amendment, but where an amendment relates solely to the correction of a clerical or formal error in the judgment it does not toll the time for appeal.

---

[4] The *Gustavus* Court upheld a Superior Court decision granting a Motion to Dismiss to MeDOT when plaintiff failed to notify the Commission of its intent to appeal within 30 days of the rendering of the Commission's award decision. *Id.* ¶ 1, 714 A.2d at 802. Plaintiffs in that case served a timely complaint on MeDOT, but failed to give separate notice to the Commission. *Id.* ¶ 5, 714 A.2d at 803.

[5] In *Davis*, the Law Court considered the appeal period on an amended judgment entered on defendant's motion in Superior Court. *Id.* The Court held that the running of the appeal period terminated when defendant filed her motion to amend the judgment. *Id.* at 663.

*City of Lewiston*, 638 A.2d at 742 (*quoting City of Newark v. Fischer*, 3 N.J. 488 , 70 A.2d 733, 735 (1950)).[6]

The issue thus becomes, were the errors in the June 5th decision material or clerical. Ms. Waning argues that the errors in the June 5, 2007 decision were material because the amount of an award is critical under section 157 and that amount was mis-stated in the June 5th decision. She further asserts that she did not know the true extent of the decision until the amended decision was sent to her on July 10, 2007. MeDOT counters that the errors in that decision were merely clerical errors, not affecting the rights of Ms. Waning. In support of that assertion MeDOT points to the undisputed fact that Ms. Waning sent notice of appeal to MeDOT and filed her complaint in Superior Court prior to receipt of the amended decision. The rendering of the amended decision did not alter Ms. Waning's appeal; thus proving that her right to appeal was not materially altered by any errors in the June 5th decision.

Considering the allegations in the complaint in a light most favorable to Ms. Waning, she fails to state a claim upon which relief can be granted because the errors in the June 5th decision did not affect her right to appeal and are thus deemed clerical errors. Ms. Waning began the appeal process prior to the rendering of the amended decision and that right was not altered by the amended decision. Thus the appeal period ran from the June 5th decision and Ms. Waning's notice to the Commission was not timely.

---

[6] In *City of Lewiston* a date was inadvertently omitted from a September 11, 1992 decision that was subsequently corrected on September 14, 1992. *Id.* at 741. The Court found this merely a clerical error that did not affect the appeal period. *Id.* at 742.

5

**The entry is:**

Defendant Maine Department of Transportations Motion to Dismiss Ms. Waning's claim is GRANTED.

DATE: _October 12, 2007_ _____
Roland A. Cole
Justice, Superior Court

PAUL BOOTS ESQ
PO BOX 7469
PORTLAND ME 04112

Plaintiff

Defendant

VICTORIA MORALES ESQ
PO BOX 4630
PORTLAND ME 04112