STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-08-121
TED-CUM-1/6/2009

GEORGE R. MORRILL,

Plaintiff

v.

MAINE TURNPIKE AUTHORITY,

Defendant

DECISION AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

## I. BEFORE THE COURT

This matter comes before the court on the defendant's, the Maine Turnpike Authority's (MTA), motion to dismiss for lack of subject matter jurisdiction. The motion is based on the petitioner's failure to notify the State Claims Commission (Commission) of his intent to appeal its decision within 30 days of an award of compensation for an eminent domain taking of plaintiff's property.

The petitioner, George Morrill (Morrill), also filed a motion *in limine* requesting that the court enlarge the time for the parties to designate expert witnesses.

## II. BACKGROUND AND PROCEDURAL HISTORY

In 2005, the MTA took property owned by Morrill by eminent domain in connection with a highway and bridge project. The MTA and the Maine Department of Transportation (DOT) undertook the project to create a by-pass road and commuter parking lot in Gray, Maine.[1] Morrill challenged the MTA's finding of just compensation for the property in the amount of $190,000. After a hearing, the Commission awarded

---

[1] Morrill's property was taken to construct a Park-and-Ride-lot, as part of the overall bypass project.

Morrill an additional $31,134.72 by Decision dated April 24, 2008. The Secretary of the Commission forwarded the decision to the parties, accompanied by a copy of 23 M.R.S. § 157.[2] The letter sent with the Decision, which was also dated April 24, 2008, informed Morrill that he had a right to appeal, specifically stating:

> A party wishing to appeal this Decision must file a Petition for Review in the Superior Court within thirty (30) days of the date of issuance of the Commission award, which is the date of this letter. Title 23, § 157, Maine Revised Statutes Annotated, describes the procedures to be followed on appeals. A copy of the Statute is enclosed. If the Decision is not appealed, it shall become binding on the parties at the end of said thirty-day period.

The Secretary's letter did not inform Morrill that he had to also comply with 23 M.R.S.A. § 156,[3] by notifying the Commission of his intent to appeal its decision within thirty days. Although a copy of section 157 was attached to the award latter, the letter did not include a copy of section 156. Upon filing his petition with this court, Morrill sent a copy to the MTA, and the MTA's counsel accepted service on May 30, 2008. At no time did Morrill provide notice of his appeal to the Commission.

The MTA claims that not until after it filed its answer on June 12, 2008, did it learn that Morrill had not served the Commission with notice of his intent to appeal. The MTA subsequently amended its answer in accordance with M.R. Civ. P. 15(a) to

---

[2] Section 157 provides in part:

> The Department of Transportation or any party or parties aggrieved by an award by the State Claims Commission may appeal to the Superior Court in the county where the land is situated within 30 days from the date the award was forwarded by the commission. This appeal is de novo and is taken by filing a complaint setting forth substantially the facts upon which the case will be tried like other civil cases.

[3] Section 156 provides in part:

> An attested copy of each award must be sent immediately to the Department of Transportation and to the party or parties named in the award. The State Claims Commission shall state by letter the date it forwarded the award and *all parties shall within 30 days designate to the commission the award or awards from which an appeal will be taken to Superior Court.* If no appeal is taken within 30 days of the date of issuance of the commission award, the State Claims Commission shall promptly notify the Department of Transportation. The Department of Transportation shall, within 60 days from the date of issuance of the commission award, pay the awarded amount to the party or parties named in the award. (emphasis added).

assert the defect with respect to notification to the Commission, seeking a motion to dismiss for lack of subject matter jurisdiction.

## III. DISCUSSION

### A. Standard of Review

The Court should dismiss the action if it lacks subject matter jurisdiction. Subject matter jurisdiction refers to the power of a particular court to hear the type of case that is before it. *Boyer v. Boyer*, 736 A.2d 273, 275 (Me. 1999). Whether or not section 156 notice was properly made is a jurisdictional issue. *Waning v. Department of Transportation*, 2008 ME 95, ¶ 9, 953 A.2d 365, 368. The Law Court has stated that "[i]f a party does not file an appeal within the statutory period, the Superior Court has no legal power to entertain the appeal." *City of Lewiston v. Me. State Employees Ass'n*, 638 A.2d 739, 741 (Me. 1994). The Court has also indicated that the Superior Court is required to dismiss a complaint if a party does not comply with section 156's thirty-day time limit. *See Waning*, 2008 ME 95 at ¶¶ 9, 13. (making an exception to this rule only because the Commission made material changes to the original decision, which restarted the thirty-day period in which to give notice).

### B. Grounds for Dismissal

Although Morrill followed the appeal procedure set forth in section 157 and served a complaint on the MTA, he failed to give notice of his intent to appeal to the Commission.

Morrill argues that his appeal cannot be barred because the Commission provided him with defective notice of his appeal rights, that equitable estoppel prevents the MTA from asserting the jurisdictional defense and he also contends that the MTA has waived its right to raise the jurisdictional issue by accepting service.

Section 156 expressly requires a party to notify the Commission of his intent to appeal its decision within thirty days. 23 M.R.S.A. § 156. In *Gustavus Adolphis College v. Department of Transportation*, the Law Court found no basis for ignoring section 156's clear requirement of notice to the Commission. 714 A.2d 802, 803 (Me. 1998). That case was factually similar to this one because the Commission's letter to the parties accompanying its decision also failed to reference section 156. *Id.* However, in that case, even though the letter failed to mention section 156, a copy of the relevant portion of the statute was attached to the letter. The Court found that notwithstanding the omission in the Commission's letter, notice of appeal to the Commission was still required. *Id.* The Court reasoned that the Commission's cover letter that decribed the appeal process was not required by statute. *Id.*

In this case, the Commission did not reference section 156 in the cover letter that accompanied its Decision, nor did it include a copy of section 156 with the attached copy of section 157. Morrill acknowledges that the Commission is not statutorily required to notify parties of their appeal rights, but argues that when the Commission undertook the task to inform Morrill of his rights of appeal, it had a duty to do so completely and accurately. Morrill fails to cite to Maine precedent in support of this argument, and the Law Court's holding in *Gustavus Adolphis College* runs contrary to this proposition. Because the Commission is not statutorily required to notify parties of their appeal rights, it does not have a duty to inform Morrill of his appeal rights or to include a copy of section 156 with its decision letter.

### 1. Sufficiency of Notice

In a similar vein, Morrill contends that notice to the MTA was sufficient to comply with the section 156 notice requirements. In respect to 156 notice, the Law Court has found "that formal service as prescribed in the Rules of Civil Procedure is not

required" and that any form of timely written notice would serve the evident statutory purpose of insuring proper distribution and payment of the award. *Gustavus Adolphis College*, 714 A.2d at 803-04. Even though formal service is not required, the plain language of section 156 indicates that some form of notice must be made directly to the Commission. For this reason, notice only to MTA is not sufficient to comply with the clear language of section 156.

### 2. Equitable Estopple of Affirmative Defense

Morrill argues that the MTA should be equitably estopped from raising its affirmative defense of lack of subject matter jurisdiction. The doctrine of equitable estoppel "involves misrepresentations, including misleading statements, conduct or silence, that induce detrimental reliance." *Cottle Enterprises, Inc. v. Town of Farmington*, 1997 ME 78, n. 6, 693 A.2d 330, 336. Equitable estoppel works by "bar[ring] the assertion of the truth by one whose misleading conduct has induced another to act to his detriment in reliance on what is untrue." *Longley v. Knapp*, 1998 ME 142, ¶ 12, 713 A.2d 939, 943 (quotations and citations omitted). The doctrine is not precluded solely because it is invoked against a governmental agency performing a governmental function. *Maine Sch. Admin. Dist. No. 15 v. Raynolds*, 413 A.2d 523, 533 (Me. 1980). To prevail, however, a party must establish that (1) that statements or conduct of the agency induced her to act; (2) the reliance was detrimental; and (3) her reliance was reasonable. *Tarason v. Town of S. Berwick*, 2005 ME 30, ¶ 15, 868 A.2d 230, 234.

The court need not discuss whether the elements of equitable estoppel are satisfied because equitable estoppel is not appropriate in this case. If there was indeed a misrepresentation that induced detrimental reliance, it was the Commission that committed any wrongdoing and not the MTA. Morrill has not provided any support for his argument that the MTA committed any act or omission to induce detrimental

reliance. The MTA did not have a duty to notify the Commission, even if it knew that Morrill failed to provide notice. Because the alleged misrepresentation was on the part of the Commission, and not the MTA, the MTA should not be estopped from raising the jurisdictional defense.

It is important for a party to give notice of appeal to the Commission, because, in the absence of an appeal, the Commission is bound to take steps to initiate a timely payment to the land-owner. 23 M.R.S. § 156. Notice of an appeal is notice to the Commission that their decision is not final.

### 3. Waiver of Right to Raise the Jurisdictional Issue

Morrill contends that the MTA's acceptance of service waived the Commission's right to notice. He argues that the MTA waived its right to raise the section 156 issue when it voluntary accepted service in this matter, with a standard acknowledgment of service form "waiving the formalities of service of process." The MTA counters that "service of process" is the service of the summons and complaint and does not constitute notice to the Commission. This is separate and distinct from the requirement set forth in section 156 to designate to the Commission the party's intention to appeal. Section 156 is clear in requiring parties to notify the Commission of their intent to appeal. If service of process to a party in the dispute were to waive the requirement under section 156 to notify the Commission, then section 156 notice would never be required and section 156 would become meaningless.

## C. Rule 80C Appeal

Morrill further argues that he brought a section 157 appeal as well as a petition for review under the Administrative Procedure Act (APA). He contends that even if he is not permitted to the *de novo* jury trial afforded by 23 M.R.S.A. § 157, he has a right to

judicial review under the APA. The MTA contends that Morrill does not cite to 80C in his complaint, and instead only requests relief under 23 M.R.S.A. § 157.

Although Morrill does not cite to Rule 80C in his complaint, the complaint does state that "[j]urisdiction of this court is founded upon 23 M.R.S.A. § 157, and 5 M.R.S.A. § 1101, et seq [sic] . . . ." Presumably Morrill intended to reference 5 M.R.S.A. § 11001 as a basis for jurisdiction.[4]

Even if Morrill properly cited to 80C in his complaint, he is not entitled to an appeal under the APA. The APA expressly excludes from the right to review of final agency action cases where a statute provides for direct review. *See* 5 M.R.S. § 11001(1).[5] The eminent domain statute provides for direct review to the superior court. *See* 23 M.R.S.A. § 157. Thus, the eminent domain statute is Morrill's exclusive remedy.

## D. Plaintiff's Motion in Limine

Morrill filed a motion *in limine* to enlarge time to designate witnesses. Morrill argues that more time is needed because appraisal experts must be instructed as to whether the enhanced value arising from DOT's bypass road can be considered in valuing the property taken by the MTA to construct the park-and-ride lot.

In light of the court's ruling to dismiss this action, plaintiff's motion is moot and no Order is required.

---

[4] Section 1101 does not exist under Title 5 of the M.R.S.A.. Section 11001 pertains to the right to review an agency action pursuant to the APA.

[5] The APA states in relevant part:
§ 11001. Right to review

1. AGENCY ACTION. *Except where a statute provides for direct review* or review of a pro forma judicial decree by the Supreme Judicial Court or where judicial review is specifically precluded or the issues therein limited by statute, any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court in the manner provided by this subchapter. (emphasis added).

## IV. DECISION AND ORDER

The clerk will make the following entries as the Decision and Orders of the court:

**A.** The Motion to Dismiss by defendant Maine Turnpike Authority is granted.

**B.** The clerk will enter judgment for defendant Maine Turnpike Authority.

**C.** The plaintiff's Motion in Limine is moot, no Order is required.

**D.** No costs are awarded.

SO ORDERED.

Dated: January 5, 2009

Thomas E. Delahanty II
Justice, Maine Superior Court

)F COURTS
land County
Box 287
aine 04112-0287

ROBERT HARK ESQ
PO BOX 9711
PORTLAND ME 04104-5011



( OF COURTS
)erland County
). Box 287
Maine 04112-0287

DEBORAH MANN ESQ
PO BOX 4510
PORTLAND ME 04112

