2009 ME 116

George MORRILL

v.

MAINE TURNPIKE AUTHORITY.

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 30, 2009.

Decided: Dec. 3, 2009.

John F. Lambert, Jr., Esq., Teresa M. Cloutier, Esq., Lambert Coffin Haenn, Portland, ME, for George Morrill.

Deborah M. Mann, Esq., Natalie L. Burns, Esq., Jensen Baird Gardner & Henry, Portland, ME, for the Maine Turnpike Authority.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

LEVY, J.

[¶ 1] George Morrill appeals from a judgment of the Superior Court (Cumberland County, *Delahanty, J.*) granting the

Maine Turnpike Authority's motion to dismiss Morrill's complaint, which challenged the compensation awarded to him in an eminent domain proceeding. The court dismissed the complaint for lack of subject matter jurisdiction on the basis that Morrill failed to provide notice of his appeal to the State Claims Commission pursuant to 23 M.R.S. § 156 (2008). Because we conclude that a recently enacted statutory revision to the appeals process applies retroactively to his claim, we vacate the Superior Court's judgment and remand for further proceedings.

## I. BACKGROUND

[¶ 2] Morrill's property was taken by eminent domain in June 2005, and the Maine Turnpike Authority awarded him $190,000 as compensation. Morrill claimed that this sum was insufficient, and the matter was referred to the State Claims Commission in accordance with 23 M.R.S. § 155 (2008). Following a hearing, the Commission mailed him a copy of its decision awarding him $31,134.72 in additional compensation. On May 20, 2008, and within thirty days of the decision, Morrill filed a complaint in the Superior Court alleging that the Commission failed to award him the fair market value of his property. He did not, however, designate to the Commission the award he was appealing as was then required by 23 M.R.S. § 156.[1] The Superior Court granted the Authority's motion to dismiss the complaint for Morrill's failure to give notice of his appeal to the Commission.[2]

[¶ 3] After Morrill's case was dismissed and while this appeal was pending, the Legislature enacted "An Act To Clarify the Purpose of the Notice Requirement of Land Taking by the Department of Transportation," P.L. 2009, ch. 265 (effective Sept. 12, 2009), which amended 23 M.R.S. §§ 156, 157 (2008). The amendment altered the appeals process for parties seeking to challenge the Commission's eminent domain awards in the Superior Court. Public Law 2009, ch. 265, has three distinct sections. Section 1 eliminates the requirement that parties give notice to the Commission before appealing to the Superior Court. Section 2 mandates that an appealing party provide a copy of any complaint filed to initiate such an appeal to the other party or parties within thirty days of issuance of the Commission award.[3] Section 3

---

1. Section 156 previously set forth a thirty-day appeal period for a party contesting an award by the State Claims Commission: "The State Claims Commission shall state by letter the date it forwarded the award and all parties *shall within 30 days designate to the commission* the award or awards from which an appeal will be taken to the Superior Court." 23 M.R.S. § 156 (2008) (emphasis added); *see also* 23 M.R.S. § 157 (2008) (describing appeals process from Commission awards).

2. Prior to the enactment of P.L. 2009, ch. 265, the Authority would have prevailed based on this Court's interpretation of 23 M.R.S. § 156 as jurisdictional. *See Waning v. Dep't. of Transp.,* 2008 ME 95, ¶ 9, 953 A.2d 365, 368 (stating that party's failure to comply with notice provision of section 156 limited jurisdiction of Superior Court to hear appeal); *see also Gustavus Adolphus College v. Dep't. of*

*Transp.,* 1998 ME 173, ¶ 6, 714 A.2d 802, 803 (affirming dismissal of plaintiff's case because plaintiff failed to provide notice of appeal to Commission pursuant to section 156).

3. Public Law 2009, ch. 265, §§ 1, 2, state:

**Sec. 1. 23 MRSA § 156, 4th ¶**, as repealed and replaced by PL 1991, c. 684, § 2, is repealed and the following enacted in its place:

*An attested copy of each award must be sent immediately to the Department of Transportation and to the party or parties named in the award. The State Claims Commission shall state by letter sent to all parties the date it issues its decision of the award. If no appeal is taken within 30 days of the date of issuance of the commission award pursuant to section 157, the Department of Transportation shall, within 60 days*

addresses the retroactive application of sections 1 and 2:

> **Sec. 3. Application.** This Act applies to appeals from an award of the State Claims Commission that were pending on or after January 1, 2009, except that an appeal pending on or after January 1, 2009 but prior to the effective date of this Act for which notice was provided in accordance with the law in effect prior to this Act may not be dismissed for failure by a party to provide a copy of the complaint to the other party or parties within 30 days of the date of issuance of the commission award.

Because the Superior Court entered a judgment on Morrill's appeal prior to the enactment of P.L. 2009, ch. 265, the court did not have the opportunity to consider its application to this case.

## II. DISCUSSION

[¶ 4] The parties dispute whether P.L. 2009, ch. 265, applies to Morrill's appeal. Morrill contends that P.L. 2009, ch. 265, eliminated the requirement that parties designate to the Commission the award or awards they are appealing. It follows from this contention that the new procedural requirements for appealing a Commission award, which are outlined in sections 1 and 2, apply retroactively to his appeal based on the plain meaning of section 3. The Authority construes section 3 as not making the new procedural requirements applicable because although the appeal was pending on or after January 1, 2009, and before the effective date of the Act, the notice of the appeal Morrill provided was not in keeping with the law in effect prior to the Act.

■■■ [¶ 5] We review the interpretation of a statute de novo as a question of law. *State v. Thongsavanh*, 2007 ME 20, ¶ 27, 915 A.2d 421, 427. The underlying purpose of statutory interpretation "is to give effect to the intent of the Legislature." *Arsenault v. Sec'y of State*, 2006 ME 111, ¶ 11, 905 A.2d 285, 288. In construing statutes, we first look to the statute's plain meaning and seek to "avoid absurd, illogical or inconsistent results." *Temm v. S.D. Warren Co.*, 2005 ME 118, ¶ 8, 887 A.2d 39, 41 (quotation marks omitted). We have also stated that "all statutes will be considered to have a prospective operation only, unless the legislative intent to the contrary is clearly expressed or necessarily implied from the language used." *Terry v. St. Regis Paper Co.*, 459 A.2d 1106, 1109 (Me.1983) (quotation marks omitted).

■■■ [¶ 6] A plain reading of section 3 leads to the conclusion that sections 1 and 2 apply retroactively to Morrill's appeal. Section 3 is divided into two distinct clauses: (1) "This Act applies to appeals from an award of the State Claims Commission that were pending on or after January 1, 2009," and (2) "except that an appeal pending on or after January 1, 2009 but prior to the effective date of this Act for which notice was provided in accordance with the law in effect prior to this Act may not be

---

*from the date of issuance of the commission award, pay the awarded amount to the party or parties named in the award.*

Sec. 2. 23 MRSA § 157, first ¶, as repealed and replaced by PL 1991, c. 684, § 8, is amended to read:

The Department of Transportation or any party or parties aggrieved by an award by the State Claims Commission may appeal to the Superior Court in the county where the land is situated within 30 days from the date *of issuance of* the *commission* award was forwarded by the commission. This appeal is de novo and is taken by filing a complaint setting forth substantially the facts upon which the case will be tried like other civil cases. *The party appealing must provide a copy of the complaint to be filed in the* Superior Court to the other party or parties within the same 30 days.

dismissed for failure by a party to provide a copy of the complaint to the other party or parties within 30 days of the date of issuance of the commission award."

[¶ 7] The first clause articulates the Legislature's general intent that P.L. 2009, ch. 265, §§ 1, 2, apply to all appeals that were pending during a specific time period—"on or after January 1, 2009." The second clause, which applies only to appeals in which "notice was provided in accordance with the law in effect prior to this Act," prevents the dismissal of those appeals that were in compliance with the former notice requirement in 23 M.R.S. § 156, but do not satisfy the new requirement in section 2—namely that the appealing party provide a copy of the complaint to the other party or parties within thirty days of the date of issuance of the Commission award.[4] Morrill's appeal is not affected by the second clause because he did not provide notice in accordance with the law in effect prior to the Act.

[¶ 8] Accordingly, we are not persuaded by the Authority's interpretation of section 3—that it applies only to parties that complied with the notice provision of the law in effect prior to the Act—because that interpretation is inconsistent with the statute's plain meaning.

The entry is:

Judgment of the Superior Court vacated. Case remanded for further proceedings.

---

4. The legislative history of P.L. 2009, ch. 265, though not necessary to decide this case, clearly supports its retroactive application. Here, Morrill's State Senator, Gerald Davis, introduced L.D. 1440 with the intent of rectifying the dismissal of Morrill's appeal: "I thank you for your time to introduce L.D. 1440 which is legislation that I have sponsored *with the goal of both helping a constituent* and making our system of eminent domain by the state a little more customer friendly...." *An Act To Clarify the Purpose of the Notice Requirement of Land Taking by the Department of Transportation: Hearing on L.D. 1440 Before the J. Standing Comm. On Transp.*, 124th Legis. (2009) (statement of Sen. Gerald M. Davis, sponsor) (emphasis added).

While no one legislator's intent in proposing legislation can reflect the intent of the entire Legislature, Senator Davis's stated goal of helping Morrill is reinforced by the text of L.D. 1440, which explicitly makes the provision retroactive to appeals pending on or after January 1, 2009. L.D. 1440 (124th Legis. 2009). Although the bill was amended by the Transportation Committee to include an exception to prevent the dismissal of those appeals that had complied with the previous law, this amendment did not alter the retroactivity clause that was initially included in L.D. 1440. Comm. Amend. A to L.D. 1440, No. S–184 (124th Legis. 2009). The Transportation Committee unanimously supported L.D. 1440 as amended.