2010 ME 41

**Todd R. RICH**

v.

**DEPARTMENT OF MARINE RESOURCES.**

Supreme Judicial Court of Maine.

Argued: Feb. 9, 2010.
Decided: May 11, 2010.

---

Nicholas H. Walsh, Esq. (orally), Nicholas H. Walsh, P.A., Portland, ME, for Todd R. Rich.

Janet T. Mills, Attorney General, Mark A. Randlett, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, ME, for the Maine Department of Marine Resources.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1] Todd R. Rich appeals from a judgment of the Superior Court (Kennebec County, *Jabar, J.*), affirming a decision by the Department of Marine Resources that suspended Rich's lobster and crab fishing license for a period of three years pursuant to 12 M.R.S. § 6402 (2008). Because we conclude that section 6402 did not, at the time, authorize the three-year suspension in the absence of a criminal conviction, we vacate the judgment.

## I.  BACKGROUND

[¶ 2] On January 18, 2008, Rich was summonsed for molesting lobster gear in civil violation of 12 M.R.S. § 6434 (2007).[1] He was charged by complaint with that civil violation and with violating a rule of the Department of Marine Resources that governs lobster trap removal, 5 C.M.R. 13 188 025-3 § 25.05 (Sept. 2009), in violation of 12 M.R.S. § 6174 (2009). He was also charged with criminal theft, 17-A M.R.S. § 356-A(1)(A) (2009). The charges arose from the seizure of eight lobster traps belonging to another lobsterman from the deck of Rich's boat on November 20, 2007. By agreement with the District Attorney, the criminal charge was dismissed, and on March 24, 2008, a judgment was entered against Rich on the civil violations. The court imposed a fine, which Rich paid in full.

[¶ 3] Following the entry of that judgment, the Department of Marine Resources notified Rich that, as a result of his "conviction" for violating section 6434, it was suspending his lobster and crab fishing license effective May 3, 2008,

---

1.  Effective September 20, 2007, a violation of section 6434 was a civil violation, not a criminal offense. P.L. 2007, ch. 283, § 2 ("An Act to Make Lobster Trap Molesting a Civil Offense") (codified at 12 M.R.S. § 6434(3-A) (2007)). Section 6434 was subsequently amended. *See* P.L. 2007, ch. 695, § A-15 (effective April 24, 2008) (codified at 12 M.R.S. § 6434 (2009)).

through March 24, 2011, pursuant to 12 M.R.S. § 6402. At that time, section 6402 applied to "license holder[s] ... *convicted* in court of violating section 6434." 12 M.R.S. § 6402 (emphasis added).

[¶ 4] After the District Court (Portland, *Eggert, J.*) denied Rich's motion to set aside the judgment of the civil violations, Rich appealed the license suspension to the Superior Court, pursuant to M.R. Civ. P. 80C, asserting that he had not been "convicted" of any crime and, therefore, the three-year suspension did not apply to him. Affirming the Department's suspension, the court interpreted "convicted" in section 6402 to encompass adjudications for civil offenses. Rich moved for reconsideration, the court denied the motion, and Rich brought this appeal.

## II.  DISCUSSION

■ [¶ 5] When a party appeals an administrative agency's decision to the Superior Court pursuant to M.R. Civ. P. 80C, "we directly review the agency's decision for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Mulready v. Bd. of Real Estate Appraisers*, 2009 ME 135, ¶ 13, 984 A.2d 1285, 1290 (quotation marks omitted). There are no disputes of fact or challenged exercises of discretion at issue.

This appeal turns entirely on the interpretation of the language of the statute entitled "Suspension based on conviction of molesting." *See* 12 M.R.S. § 6402.

[¶ 6] Specifically, the challenged language reads: "The commissioner shall suspend the lobster and crab fishing license of a license holder ... *convicted* in court of violating section 6434. This suspension is for 3 years from the date of the *conviction.*" *Id.* (emphasis added). The difficulty in this case arises from the fact that, effective September 20, 2007, shortly before Rich's illegal conduct, the Legislature amended section 6434 so that the illegal conduct was no longer a crime.[2] However, the correlative statute, section 6402, was not contemporaneously changed, and its language continued to refer to a "conviction" rather than a civil adjudication.[3] The question presented, therefore, is whether the words "convicted" and "conviction," as used in section 6402 at the time of Rich's conduct, refer to a judgment of conviction of a crime, or whether they can be read more broadly to include an adjudication of a civil offense.

■ [¶ 7] Our analysis for interpreting the words of the Maine Legislature is well established. "Our primary purpose in interpreting a statute is to give effect to

2. The Legislature has de-criminalized other laws in recent years. *See, e.g.*, P.L. 2001, ch. 421 ("An Act to Implement the Recommendations of the Committee to Study Further Decriminalization of the Criminal Laws of Maine").

3. In 2009, the Legislature enacted two laws amending section 6402. *See* P.L. 2009, ch. 151, § 5 (effective Sept. 12, 2009) (replacing "convicted" with "adjudicated" to be consistent with section 6434, *see* L.D. 1211, Summary (124th Legis. 2009)); P.L. 2009, ch. 394, § 3 (effective Sept. 12, 2009) (providing for permanent license revocation for a third or subsequent conviction and not replacing "convicted" with "adjudicated"). As a re-

sult, from September 12, 2009, through the date of this writing, section 6402 contains two introductory paragraphs—one applies the three-year suspension to "a permit holder adjudicated in court" and the other applies it to "a permit holder convicted in court." *See* 12 M.R.S. § 6402 (2009). Thus, for the last seven months, the three-year suspension has applied to permit holders convicted or adjudicated of violating section 6434. The Legislature has recently enacted "An Act to Correct Errors and Inconsistencies in Marine Resources Law," which amends section 6402 to refer only to adjudications. *See* P.L. 2010, ch. 561, § 13 (effective July 12, 2010); L.D. 1567, § 7 (124th Legis. 2009).

the intent of the Legislature." *Dickey v. Vermette,* 2008 ME 179, ¶ 5, 960 A.2d 1178, 1180 (quotation marks omitted). If a statute is unambiguous, "we interpret the statute according to its plain language," *Cobb v. Bd. of Counseling Prof'ls Licensure,* 2006 ME 48, ¶ 13, 896 A.2d 271, 275, and we do not construe a statute "beyond its express language and in contravention of the plain meaning of statutory terms," *see Stickney v. City of Portland,* 600 A.2d 405, 406 (Me.1991). Our responsibility is to effectuate the plain language of the statute unless doing so results in a constitutional violation, *see State v. Malpher,* 2008 ME 32, ¶ 18, 947 A.2d 484, 488—a concern not presented here—or creates an infirmity so grave as to render the statute meaningless, *see Schaefer v. State Tax Assessor,* 2008 ME 148, ¶ 13, 956 A.2d 710, 713.

■ [¶ 8] The term "convicted" is unambiguous. "Convicted" refers to the status of a person who has been found to have committed a crime. It is not an arcane term; it is used regularly in both legal and popular culture to mean the same thing. The legal meaning of the verb "convict" is "[t]o find (a person) guilty of a criminal offense . . . ."[4] Black's Law Dictionary 383 (9th ed. 2009). We have taken great pains through the years to address and preserve the distinction between criminal convictions and civil adjudications. *See, e.g., State v. Perry,* 2006 ME 76, ¶ 11, 899 A.2d 806, 812 (vacating a criminal conviction because the statute only provided for a civil violation); *State v. Freeman,* 487 A.2d 1175, 1179 (Me.1985) (discussing that "convictions or adjudications" in OUI statutes referred to criminal and civil offenses).

[¶ 9] That distinction can be significant. For instance, a person charged with a crime has greater constitutional protec-

tions than a person charged with a civil offense. *See, e.g.,* U.S. Const. amend. V (requiring presentment or indictment by grand jury, protecting against double jeopardy, and protecting criminal defendants from self-incrimination); U.S. Const. amend. VI (guaranteeing right to trial by jury, right of confrontation of witnesses, and right to assistance of counsel in criminal prosecutions); *see also* Bruce W. Smith, *Constitutional Issues Raised by the Civil–Criminal Dichotomy of the Maine OUI Law,* 35 Me. L. Rev. 385, 392–414 (1983) (discussing the constitutional ramifications of de-criminalizing less serious OUI offenses). Additionally, a criminal conviction may bring multiple collateral consequences that would not ordinarily accompany a civil adjudication. *See State v. Blakesley,* 2010 ME 19, ¶¶ 27–29, 989 A.2d 746, 753 (listing collateral consequences that can arise from a criminal conviction).

[¶ 10] Notably, the Legislature itself has repeatedly demonstrated that the distinction between the terms "convicted" and "adjudicated" is meaningful. *See, e.g.,* P.L. 2001, ch. 421, § B–15 (enumerating separate grounds for suspension of marine resources licenses based on "conviction for a criminal offense" or "civil adjudication") (later amended in part by P.L. 2009, ch. 394, § 1) (codified at 12 M.R.S. § 6351 (2009)); P.L. 2001, ch. 421, § B–18 (changing "convicted" to "adjudicated" in legislation to de-criminalize molestation of elver gear) (codified at 12 M.R.S. § 6404–A (2009)).

[¶ 11] Thus, applying the plain meaning of "convicted" to the applicable version of section 6402, only those who were *convicted of a crime* pursuant to section 6434 were subject to having their licenses sus-

---

4. The popularly accepted meaning of "convict" is the same as the legal meaning. *See, e.g.,* Webster's Seventh New Collegiate Dictionary 183 (1970) (defining "conviction" as "the act or process of convicting of a crime esp. in a court of law").

pended for three years. We must effectuate that language unless, as the Department contends, applying the plain meaning of "convicted" renders section 6402 meaningless, *see Schaefer*, 2008 ME 148, ¶ 13, 956 A.2d at 713, or leads to "absurd, illogical, or inconsistent results," *see Morrill v. Me. Tpk. Auth.*, 2009 ME 116, ¶ 5, 983 A.2d 1065, 1067 (quotation marks omitted).

[¶ 12] Considering the recency of the change, however, the Department's argument is not persuasive. Violations of section 6434 occurring before September 20, 2007, are criminal; violations occurring on or after that date are civil. *See* P.L. 2007, ch. 283 (effective Sept. 20, 2007). As a result, it is entirely possible that individuals charged with violating the former section 6434 could have appeared before the court at the same time that Rich, and others charged under the amended statute, appeared. Depending on when their conduct occurred, some would be convicted of a crime and others would be adjudicated to have committed a civil offense. Because section 6402 could still be applied to those convicted pursuant to the former section 6434, section 6402 remained viable according to its plain meaning at the time of Rich's adjudication.

[¶ 13] It is possible that it was simply an oversight on the part of the Legislature to not change the language in section 6402 from "convicted" to "adjudicated." However, because the word "convicted" remained in section 6402 after the amendment to section 6434, the statute unambiguously provided that only those who were, in fact, convicted of a crime pursuant to the former section 6434 would be subject to a three-year license suspension. In these circumstances, we are not free to ignore the plain language of the statute.

[¶ 14] Because Rich's conduct occurred after violations of section 6434 were no longer crimes, he was not "convicted" of violating the section. Therefore, pursuant to the plain language of section 6402 in effect at the time of his adjudication, the three-year license suspension does not apply to him.[5] On remand, the court should remand the matter to the Department to consider whether Rich is subject to a suspension pursuant to 12 M.R.S. § 6401 (2009).

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

5. Because we decide this appeal in Rich's favor by construing section 6402 according to its plain meaning, we do not reach his argument that his suspension should be vacated because his due process rights were violated.