STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: CV-10-170
                                                  *RAC - CUM - 8/4/2010*


SPURWINK SERVICES, INC.,

          Plaintiff,

     v.
                                                       ORDER

MAINE DEPARTMENT OF HEALTH
AND HUMAN SERVICES, and
COMMISSIONER, DEPARTMENT
OF HEALTH AND HUMAN                    STATE OF MAINE
SERVICES,                              Cumberland, ss, Clerk's Office

          Defendants                        AUG 04 2010

                                              RECEIVED


     Plaintiff Spurwink Services, Inc., seeks judicial review of the Maine

Department of Health and Human Services' decision to not adopt a rule setting a

standard room and board reimbursement rate for private nonmedical

institutions. The Department moves for dismissal.

                              **BACKGROUND**

     Plaintiff Spurwink Services, Inc., is a private nonprofit mental health

agency in Maine. It receives funding for its children's residential treatment

programs through private nonmedical institution (PNMI) funds and room and

board reimbursement through the Department of Health and Human Services

(DHHS). In the 2009 Appropriations Act, the Legislature decreased both state

and federal funding in provisions that read:

          Initiative: Reduces funding by limiting residential [PNMI]
          reimbursement by rate setting and sets a standard room and
          board rate.

1

P.L. 2009, Ch. 213, §§ A-31, A-32. Each provision then specifies a dollar reduction in funding to a specific fund. The Act also contained a provision mandating the adoption of a tiered PNMI rate. It reads:

> Initiative: Reduces funding for children's [PNMIs] by adopting 5 tiers of rates and a 95% occupancy rate. This assumes providers currently reimbursed below the new tier into which they fall will not receive a rate increase and no cut will be made in room and board payments.

P.L. 2009, Ch. 213, § A-32.

DHHS subsequently issued new rules adopting a five-tiered rate schedule for PNMI services, but did not issue rules setting a standard room and board rate. Spurwink requested and petitioned DHHS to do so, but DHHS refused. On April 20, 2010, Spurwink filed its complaint to obtain judicial review pursuant to 5 M.R.S. § 8058 (2009). It contends that the plain language of the 2009 Appropriations Act requires DHHS to engage in rulemaking to set both new PNMI rates *and* a new standard room and board rate. DHHS's failure to do so has allegedly cost Spurwink an annual loss of $600,000 in reimbursements. DHHS filed this Rule 12(b)(6) motion to dismiss on May 12, 2010, arguing that the Act does not require it to engage in additional rulemaking and that Spurwink's damage claim is pure speculation.

## DISCUSSION

Any person who is aggrieved by "an agency's refusal or failure to adopt a rule where the adoption of a rule is required by law" may obtain judicial review by the Superior Court in an action for declaratory judgment. 5 M.R.S. § 8058 (2009). Rate-setting is a form of rule-making[1] and the challenged room and board

---

[1] "'Rule' means the whole or any part of every regulation, standard . . . or other agency statement of general applicability . . . [that] implements, interprets or

2

rates directly impact plaintiff. The only question is whether the 2009 Appropriations Act requires DHHS to adopt new rules setting a standard room and board rate. Statutory interpretation is a question of law, *Garrison City Broad., Inc. v. York Obstetrics & Gynecology, P.A.*, 2009 ME 124, ¶ 9, 985 A.2d 465, 468, so the court may resolve this matter on the defendant's Rule 12(b)(6) motion. *Heber v. Lucerne-in-Maine Village Corp.*, 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066.

The court's "primary purpose in interpreting a statute is to give effect to the intent of the Legislature." *Allied Res., Inc. v. Dep't of Pub. Safety*, 2010 ME 64, ¶ 11, ___ A.2d ___ (quoting *Rich v. Dep't of Marine Res.*, 2010 ME 41, ¶ 7, 994 A.2d 815, 817–18) (quotations omitted). If a statute is unambiguous, the court will give the statutory language its plain meaning and look no further. *Garrison City Broad., Inc.*, 2009 ME 124, ¶ 9, 985 A.2d at 468. If, however, the statute "is reasonably susceptible of different interpretations," *Dep't of Corr. v. PUC*, 2009 ME 40, ¶ 8, 968 A.2d 1047, 1050 (quoting *Competitive Energy Servs. LLC v. Pub. Utils. Comm'n*, 2003 ME 12, ¶ 15, 818 A.2d 1039, 1046) (quotations omitted), the court "will examine the legislative history as well as the context of the whole statutory scheme of which the section at issue forms a part, so that a harmonious result, presumably the intent of the Legislature, may be achieved." *Allied Res., Inc.*, 2010 ME 64, ¶ 21, ___ A.2d at ___ (quotations omitted).

Spurwink contends that the Appropriations Act is plain and unambiguous. It "[r]educes funding by limiting residential [PNMI] reimbursement by rate setting *and* sets a standard room and board rate." P.L. 2009, Ch. 213, §§ A-31, A-32 (emphasis added). The plaintiff reads this to instruct

---

makes specific the law administered by the agency, or describes the procedures or practices of the agency." 5 M.R.S. § 8002(9) (2009).

DHHS to both engage in rate setting for PNMI reimbursements and adopt a rule setting a standard room and board rate.

DHHS advances a different interpretation of the statutory language. It starts by noting that the statutory rules of construction make "[t]he words 'and' and 'or' . . . convertible as the sense of a statute may require." 1 M.R.S. § 71(2) (2009). The Act's use of the word "and" is thus not necessarily conjunctive. DHHS also notes that provision in question does not include the words "shall" or "must," whose presence would "indicate a mandatory duty, action or requirement." 1 M.R.S. § 71(9-A) (2009). The DHHS interprets the language "Initiative: Reduces funding by limiting residential [PNMI] reimbursement by rate setting and sets a standard room and board rate" as an instruction to achieve the mandated savings by cutting the total amount spent on PNMI reimbursement and room and board together. The Department achieved the required savings when it adopted the five-tier PNMI reimbursement system mandated in P.L. 2009, Ch. 213, § A-32, so it does not need to alter the room and board rate.

Both parties' interpretations of the plain statutory language are reasonable, so the language is ambiguous. "When statutory terms are ambiguous, [the court will] defer to the agency's interpretation of a statute that is within its area of expertise unless" it contradicts the plain legislative language or is unreasonable in context of the legislative history and statutory scheme as a whole. *Allied Res., Inc.*, 2010 ME 64, ¶ 21, ___ A.2d at ___ (citing *Me. Ass'n of Health Plans v. Superintendent of Ins.*, 2007 ME 69, ¶ 32, 923 A.2d 918, 927; *Cobb v. Bd. of Counseling Prof'ls Licensure*, 2006 ME 48, ¶ 13, 896 A.2d 271, 275). DHHS's interpretation does not run afoul of the statute's plain language or its evident

4

purpose. The 2009 Appropriations Act crafts a budget and drastically reduces government spending. DHHS's interpretation fits this purpose.

Spurwink argues that DHHS's reading will result in an inequitable distribution of funds among PNMIs and deviate sharply from past practice, results the Legislature intended to avoid by making DHHS adjust its room and board fund in tandem with its PNMI reimbursement rates. Even if the court could consider DHHS's past and apparently informal practice of balancing the two types of disbursements to ensure uniform funding among PNMIs, there is no evidence that the Legislature had this practice in mind when it ratified the contested sentences together with thousands of others in the 2009 Appropriations Act. DHHS's interpretation of the Act is reasonable, and the court grants its motion to dismiss.

**The entry is:**

Public Law 2009, Ch. 213, §§ A-31, A-32 does not require the Department to set a standard room and board rate when it was able to achieve the mandated savings solely through PNMI rate setting. Since the statute does not require the Department to adopt a rule, the plaintiff's section 8058 action is dismissed.

DATE: __August 4, 2010__

Roland A. Cole
Justice, Superior Court

------------------------------------------------------------------------

01 0000007985          GREGORY, JANE
     6 STATE HOUSE STATION AUGUSTA ME 04333-0006
     F      DEPARTMENT OF HEALTH AND HUMAN SERVICES   DEF        RTND      05/12/2010

02 0000002671          LEIGHTON, CHRISTOPHER
     6 STATE HOUSE STATION AUGUSTA ME 04333-0006
     F      DEPARTMENT OF HEALTH AND HUMAN SERVICES   DEF        RTND      05/12/2010

03 0000000299          STEVENS, GRAYDON
     53 EXCHANGE ST PO BOX 597 PORTLAND ME 04112-0597
     F      SPURWINK SERVICES INC                     PL         RTND      04/20/2010