MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2016 ME 23
Docket:        Sag-15-123
Argued:        December 9, 2015
Decided:       January 28, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, <u>JABAR</u>, and HJELM, JJ.

## JULIE LOTHROP

v.

## DOUG LOTHROP

JABAR, J.

[¶1]    Doug Lothrop appeals from a judgment of the District Court (West Bath, *Dobson, J.*) denying his motion to modify the spousal support award in the parties' divorce judgment.  Contrary to Doug's contention, we discern no error in the District Court's determination that the award remains nonmodifiable because 19-A M.R.S. § 951-A(12) (2015) does not apply retroactively.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  This case turns on whether a 2013 amendment to the spousal support statute applies to a spousal support provision in a divorce judgment entered in 2008.[1]  The statutory sections, as amended, read as follows:

---

[1]  The amendment provisions, P.L. 2013, ch. 327, §§ 1, 2 (effective Oct. 9, 2013), updated the text of 19-A M.R.S. § 951-A(4) and added § 951-A(12).

An award of spousal support <u>issued before October 1, 2013</u> is subject to modification when it appears that justice requires unless and to the extent the order awarding or modifying spousal support expressly states that the award, in whole or in part, is not subject to future modification. <u>An award of spousal support issued on or after October 1, 2013 is subject to modification when it appears that justice requires.</u>

19-A M.R.S. § 951-A(4) (2015) (new language underlined).

**<u>Cessation upon cohabitation.</u>** <u>When it appears that justice requires, an order awarding spousal support is subject to modification to terminate spousal support when it can be shown that the payee and another person have entered into a mutually supportive relationship that is the functional equivalent of marriage that has existed for at least 12 months of a period of 18 consecutive months.</u>

19-A M.R.S. § 951-A(12) (2015) (new language underlined).

[¶3] Doug and Julie Lothrop were married on August 30, 1985, and divorced on May 8, 2008. In the divorce judgment, by agreement, Doug was ordered to pay Julie

$250.00 a week in spousal support for life based on a twenty[-]two year marriage and the Plaintiff's earning capacity during the marriage and future earning potential. *Said amount is non-modifiable for any reason*, thereby meaning that the amount or duration cannot be decreased or increased for any reason by either party.

(Emphasis added). At some point after their divorce, Julie began cohabitating with another person in a "mutually supportive relationship."[2] On July 18, 2014, Doug filed a motion to modify the divorce judgment, requesting termination or

---

[2] Julie stipulated to being in a qualifying relationship pursuant to subsection 12 during the motion hearing.

reduction of his spousal support obligation due to Julie's cohabitation. *See* 19-A M.R.S. § 951-A(12).

[¶4]  The District Court (West Bath, *Dobson, J.*) held a hearing on February 23, 2015, after which it denied Doug's motion to modify, concluding that, because section 951-A(12) did not apply retroactively, Doug's spousal support obligation could not be reduced or terminated.  Doug timely appealed to us.

## II.  RETROACTIVE APPLICATION OF 19-A M.R.S. § 951-A(12)

[¶5]  Doug contends on appeal that the court erred in determining that 19-A M.R.S. § 951-A(12) applies only to spousal support awards entered on or after October 1, 2013.  He argues that the subsection's language, context, and purpose all indicate a legislative intent that it apply both prospectively and retrospectively.  We review statutory interpretation de novo as a question of law. *Morrill v. Me. Tpk. Auth.*, 2009 ME 116, ¶ 5, 983 A.2d 1065.  "When interpreting a statute, our objective is to give effect to the Legislature's intent.  To determine that intent, we first look to the statute's plain meaning.  If there is no ambiguity, we do not examine legislative history." *Garrison City Broad., Inc. v. York Obstetrics & Gynecology, P.A.*, 2009 ME 124, ¶ 9, 985 A.2d 465 (quotation marks omitted).  Here, we find no ambiguity.  Nothing within the amended statute indicates that the Legislature intended that subsection 12 apply retroactively to allow for the

4

modification of nonmodifiable spousal support awards entered prior to October 1, 2013.

[¶6]  At the time of the Lothrops' divorce, the spousal support statute provided, "[a]n award of spousal support is subject to modification when it appears that justice requires *unless and to the extent the order awarding or modifying spousal support expressly states that the award, in whole or in part, is not subject to future modification.*"  19-A M.R.S. § 951-A(4) (2008) (emphasis added).  As noted, in 2013, the Legislature amended the statute by enacting P.L. 2013, ch. 327, §§ 1, 2 (effective Oct. 9, 2013) (codified at 19-A M.R.S. § 951-A(4) (2015) and 19-A M.R.S. § 951-A(12) (2015)).  A summary of the amendment provides:

> [The amendment] provides that all spousal support orders issued on or after October 1, 2013 can be modified as the court determines justice requires.  Current law prohibits modification of an order that expressly states it cannot be modified.  Current law allows modification of an order upon cohabitation by the recipient.  This amendment makes clear that a spousal support order is subject to termination as justice requires when it can be shown that the recipient of the spousal support and another person have entered into a mutually supportive relationship that is the functional equivalent of marriage that has existed for at least 12 of a period of 18 consecutive months.

Comm. Amend. A to L.D. 548, No. H-330 (126th Legis. 2013).

[¶7]  Doug argues that, because subsection 12 "contains no temporal limitation on its application," the Legislature must have intended that it would be interpreted in the context of the other subsections, including subsection 10, which

provides that section 951-A, as a whole, applies to "[o]rders granting or denying spousal support entered on or after September 1, 2000; and [t]he modification, termination and enforcement of orders granting spousal support entered on or after September 1, 2000."[3] 19-A M.R.S. § 951-A(10) (2015). He also contends that the trial court's interpretation of section 12 renders it inoperative surplusage because subsection 4 provides that spousal support awards are always "subject to modification when it appears that justice requires."

[¶8] Doug's arguments are unpersuasive. A plain reading of section 951-A(4) compels the conclusion that section 951-A does not apply to allow a modification of Doug's spousal support order. The Legislature has expressly provided that an "award of spousal support issued before October 1, 2013 is subject to modification when it appears that justice requires *unless and to the extent the order awarding or modifying spousal support expressly states that the award, in whole or in part, is not subject to future modification.*" 19-A M.R.S. § 951-A(4). The Lothrops' divorce judgment was entered in 2008, well before October 1, 2013, and the judgment expressly stated that it was not subject to future modification; therefore, the provision of 951-A(4) indicating that all divorce judgments are subject to modification when justice requires does not apply.

---

[3]   This language is identical in both the 2008 and 2015 versions of the statute. 19-A M.R.S. § 951-A(10) (2015); 19-A M.R.S. § 951-A(10) (2008).

6

[¶9]   Based on the unequivocal language of the provision in the divorce judgment forever prohibiting modification of the spousal support award, coupled with a plain reading of subsection 4's statement that nonmodifiable spousal support awards entered before October 1, 2013, remain nonmodifiable, we conclude that the District Court did not err as a matter of law when it held that section 951-A(12) did not apply retroactively.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Christopher S. Berryment, Esq., Mexico, for appellant Doug Lothrop

William B. Gillespie, Esq., Topsham, and Sheilah R. McLaughlin, Esq., Brunswick, for appellee Julie Lothrop

**At oral argument:**

Christopher S. Berryment, Esq., for appellant Doug Lothrop

William B. Gillespie, Esq., for appellee Julie Lothrop