Cash C. WISEMAN

v.

Kenneth WIESCHOFF.

Supreme Judicial Court of Maine.

Argued Nov. 9, 1983.

Decided Jan. 5, 1984.

Charles E. Gilbert, III (orally), Vafiades, Brountas & Kominsky, Bangor, for plaintiff.

Rudman & Winchell, Edith A. Richardson (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The plaintiff, Cash Wiseman, appeals from an order of the Superior Court, Penobscot County, granting the defendant's pre-trial motion to dismiss this action for want of personal jurisdiction. We sustain the appeal, holding that the motion justice failed to comply with Rule 43(e) of the Maine Rules of Civil Procedure before acting on the motion.

The plaintiff alleges in his amended complaint that on or about August 18, 1973, he was injured as a result of an incident in Woodstock, Vermont, in which a horse owned by the defendant and trained, stabled, and exhibited in Maine kicked him in the face. The plaintiff alleges the defendant was aware of the dangerous propensities of the horse, and is therefore liable in tort for the damages suffered.

On December 18, 1981, the defendant moved to dismiss the complaint. The defendant contended that the Maine courts lacked jurisdiction over him, since he was not a resident of Maine, and the alleged tort took place outside of Maine.[1] After entertaining arguments on the motion, the Superior Court dismissed the plaintiff's complaint. The court granted the motion without holding an evidentiary hearing at which oral or written testimony could be presented. It appears from the record that the court acted solely on the basis of the plaintiff's amended complaint,[2] choosing not to consider an affidavit submitted by the plaintiff.[3]

Pursuant to Rule 12(b) of the Maine Rules of Civil Procedure, a party may by timely motion raise the defense of lack of jurisdiction over the person. When such motion is properly raised, the court must

1. The defendant was served by publication, pursuant to a court order.

2. During the argument on the motion to dismiss, the presiding justice stated that he did not believe that the filing of affidavits was necessary, "because it would either stand or fall on pleadings...." The transcript from the argument on the motion gives no indication that the court considered anything but the amended complaint.

3. The court also had before it the defendant's answers to interrogatories put to him by the plaintiff.

upon application of either party hear and determine the matter prior to trial, unless the court orders that the hearing and determination thereof be deferred until the trial. M.R.Civ.P. 12(d) (1983). When, as here, a motion is based on facts not appearing on record, the court may hear the matter on affidavits presented by the respective parties, although the court may direct that the matter be heard wholly or partly on the basis of oral testimony or depositions. M.R. Civ.P. 43(e); see 5 Wright & Miller, *Federal Practice and Procedure* § 1351, at 565 (1969).

In the instant case, the court dismissed the plaintiff's complaint without following the above procedure. We vacate the dismissal of the complaint and remand to the Superior Court to hear the matter in the manner prescribed by Rule 43(e). If the court acts on the basis of affidavits, both parties should be afforded an opportunity to file affidavits pertaining to the jurisdictional issue.

The entry is:

Dismissal vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.