**Theresa MATHESON**

v.

**Edward A. MATHESON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 6, 1993.

Decided Nov. 8, 1993.

Martha J. Harris, Paine, Lynch & Harris, Bangor, for plaintiff.

Edward Matheson, pro se.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS and DANA, JJ.

GLASSMAN, Justice.

In this action for divorce between the plaintiff, Theresa Matheson, and the defendant, Edward Matheson, the defendant appeals from the judgment entered in the Superior Court (Penobscot County, *Browne, A.R.J.*) affirming the judgment of the District Court (Bangor, *Studstrup, D.C.J.*). The defendant contends that the District Court erred by (1) an incorrect calculation of the amount of his annual income and consideration of the antenuptial relationship of the parties in its determination to award alimony to the plaintiff, (2) its determination of the amount of alimony awarded, and (3) requiring the defendant to maintain insurance on his life for the plaintiff's benefit sufficient to guarantee the payment of alimony in the event he predeceased her. Finding no error in the record,[1] we affirm the judgment.

---

1. When, as here, the Superior Court acts as an intermediate appellate court, we review directly the proceedings before the District Court. *Dun-*

*ning v. Dunning,* 495 A.2d 821, 823 n. 1 (Me. 1985).

As to the defendant's first contention, the record reflects a discrepancy in the court's initial judgment and findings of facts as to the amount of the defendant's income. In its amended finding of facts, however, the court noted that the previous recitations had been clerical errors and made the necessary correction. It is clear from the record, as stated by the trial court, that the corrected figure is supported by substantial evidence in the record and is the figure considered by the court in determining the award of alimony. *See* M.R.Civ.P. 60(a) (prior to appeal, clerical mistakes in the record may be corrected by the court at any time on its own initiative). Further, we find nothing in the record to support the defendant's contention that the trial court improperly considered the antenuptial relationship of the parties in its determination of the propriety of an award of alimony to the plaintiff. *See* 19 M.R.S.A. § 721(1) (Supp.1992) (setting forth the factors the trial court shall consider when determining an award of alimony).

The defendant next contends that based on the evidence before it the trial court erred by awarding the plaintiff $400 a month alimony. We disagree. We have repeatedly stated that in reviewing alimony awards we defer to the discretion of the trial court, and its determination must stand unless the record reflects a clear violation of some positive rule of law or the claimed injustice is so plain and unmistakable that it is "instantly visible without argument." *Gray v. Gray*, 609 A.2d 694, 698–99 (Me.1992) (citations omitted).

■ At the trial of this matter, the court heard the following evidence: The parties had been married for approximately nine years. The plaintiff was 67 years of age. As a result of Meniere's disease and polymyalgia, she suffered from dizziness, impaired vision, loss of balance and her neck, hips and feet were affected, which prevented her from being gainfully employed. She had a seventh-grade education and limited work experience. She received $249 a month in social security benefits. She had no insurance on her life and was not a member of a retirement system or a participant in a pension plan. She did not own any real property. The defendant was 60 years of age and in excellent health. He was a high school graduate and had attended courses at the University of Maine. He was employed and had a gross annual income of $26,300. He had three policies of insurance on his life, one through his employment by the State, and had been a member of the state retirement system for thirteen years. He owned three parcels of real property, including the marital residence, all acquired prior to the marriage of the parties. He had no outstanding debts.

The court's judgment, *inter alia*, provided that the three parcels of real property be set aside to the defendant as his sole and separate property; that each of the parties be awarded the personal effects and all personal property then in that party's possession; that the defendant pay the plaintiff $8300, representing $3300 of the $6500 of marital funds used for renovations made to the marital residence during the marriage and $5000 of the $10,000 increase in value of the defendant's retirement fund during the course of the marriage; and that the defendant pay the plaintiff $400 a month alimony. On this record, it cannot be said that the alimony award to the plaintiff is such a plain and unmistakable injustice as to be "instantly visible without argument." *Id.*

■ Contrary to the defendant's final contention, the trial court did not err by directing the defendant to maintain insurance on his life for the benefit of the plaintiff in an amount sufficient to guarantee continuation of alimony payments in the event he predeceased her. We have previously construed the statute governing the award of alimony as authorizing the court in its discretion to provide for the payment of alimony after the death of the payor. *Bryant v. Bryant*, 411 A.2d 391, 395 (Me.1980) (citing *Stratton v. Stratton*, 77 Me. 373 (1885)). We know of no statutory authority, and the defendant cites none, that would prompt our reexamination of this principle. *See* 19 M.R.S.A. § 721(7) ("This section does not limit the court ...

from … limiting or conditioning the alimony award in any manner or term that the court considers just."). Nor do we find any merit in the defendant's contention that there was no evidence in the record as to the availability of or the cost to the defendant of such life insurance policy.

The entry is:

Judgment affirmed.

All concurring.