STATE OF MAINE                                         SUPERIOR COURT
                                                        CIVIL ACTION
YORK, ss.                                        DOCKET NO. AP-08-02

MARY KAE LaROSE, et al.,

        Plaintiffs

    v.                                    **ORDER AND DECISION**

TOWN OF KENNEBUNKPORT,
et al.,

        Defendants

The plaintiffs Mary Kae LaRose and Marc Montagner own real estate at 41 Skipper Joe's Point Road in Kennebunkport near property belonging to the defendants Charles L. Nardi and Marie J. Nardi at 38 Skipper Joe's Point Road.

In March or April of 2007 the Nardis received site plan approval from the Kennebunkport Planning Board for an expansion of their single family home. No appeal to this Court was taken from the decision of the Planning Board.

In August of 2007 the plaintiffs informed the Kennebunkport Code Enforcement Officer that a subdivision plan for Skipper Joe's Point existed, see Plan Book 69, Page 1, and that the plan had been approved by the Planning Board on May 15, 1974. Note one on the plan indicated that, "... The minimum setback for residences will be 125 feet from the high water mark." The plaintiffs stated that the Nardis' home was in part within the 125-foot setback, that the alleged noncompliance had not been considered by the Planning Board and that a permit should not be granted. A building permit was however granted on September 7, 2007.

The plaintiffs appealed the granting of the building permit to the Kennebunkport Zoning Board of Appeals which denied the appeal on November 26, 2007 stating, in essence, that the Planning Board decision had not been appealed and that the decision to grant the building permit was a ministerial act that could not be appealed. A further appeal was taken to this Court which has been briefed and argued.

The defendants have raised numerous arguments. Several of those arguments do not require extensive discussion. The plaintiffs do have standing. There is nothing in 30-A M.R.S.A. §4402(5), which states that the statutory sub-chapter dealing with subdivisions does not apply to a "subdivision in violation of this subchapter that has been in existence for 20 years or more", which precludes an attempt to enforce a restriction found in the plan of a legal subdivision.

The plaintiffs have argued that that the Code Enforcement Officer, before granting a building permit based on a Planning Board decision, has the independent duty to examine a claim that information was not presented to the Planning Board and that, had the information been presented, the approvals should not have been granted. The defendants argue that the Planning Board made its decision which was not appealed and that the Code Enforcement Officer is required to follow the Board's decision and issue the necessary permit. The resolution of this dispute is found in the Kennebunkport Land Use Ordinance.

Article 10.8.H states, "Upon notification of the decision of the Planning Board, the Code Enforcement Officer, as instructed, shall issue, with conditions prescribed by the Planning Board, or deny a Building or Use Permit." However Article 11.5.A.1 states that "A permit may be suspended or revoked, if: 1. The permit was issued on incomplete or false information ..." among other reasons.

2

It is correct that normally the Code Enforcement Officer's job is to execute the unappealed final decision of the Planning Board. However, the Land Use Ordinance allows for the suspension or revocation of a permit if the permit was issued based on claimed to be incomplete information. Once called to his attention the Code Enforcement Officer was required to examine the requirements of the 1974 site plan approval and determine whether the claimed incomplete information, that the site plan existed and had a setback requirement, if it had been provided would have changed the outcome. The Zoning Board of Appeals was likewise obligated to consider the plaintiffs' arguments.

The result is consistent with *Shafmaster v. Town of Kittery*, 469 A,2d 847, 850 (Me. 1984) where the Law Court, in examining the Kittery Land Use and Development Code Zoning Ordinance, stated "There is no indication that the granting of Planning Board approval relieves the Code Enforcement Officer of his or her responsibility to ensure conformity with zoning requirements." In a different context involving the enactment of new zoning provisions and the passage of over one year the Law Court stated, in *Perrin v. Town of Kittery*, 591 A.2d 861, 4 (Me. 1991) that, "We find no error in the trial court's determination that the Perrins' application for a building permit was a separate proceeding from the Perrins' previous application for the division of Lot 7 into two lots...." Lastly in *Turbat Creek Preservation, LLC v. Town of Kennebunkport*, 2000 ME 109, ¶17, 753 A.2d 489, 493 the Law Court held, "A town cannot be equitably estopped from asserting a violation in a particular use of property when the renovations of the property leading to the use receive town approval based on misleading information provided by the applicant as to the nature of the renovations and extent of the intended uses."

The plaintiffs timely appealed the Code Enforcement Officer's decision and are not guilty of finding a clever way to indirectly file an untimely appeal of the Planning Board's decision.

The entry is:

Decision of the Kennebunkport Zoning Board of Appeals of November 26, 2007 denying the plaintiffs' appeal is reversed. Remanded to the Kennebunkport Zoning Board of Appeals for further remand to the Kennebunkport Code Enforcement Officer for consideration of whether the building permit should be suspended or revoked if the permit was issued on incomplete or false information.

Dated:     May 29, 2008

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFFS:
Sandra Guay, Esq.
WOODMAN EDMANDS DANYLIK & AUSTIN
PO BOX 468
BIDDEFORD ME   04005

DEFENDANT -INH OF KENNEBUNKPORT:
Amy T. Tchao, Esq.
DRUMMOND WOODSUM & MACMAHON
PO BOX 9781
PORTLAND ME   04104-5081

DEFENDANTS - CHARLES & MARIE NARDI, TRUSTEES:
JOHN C. BANNON ESQ
MURRAY PLUMB & MURRAY
PO BOX 9785
PORTLAND ME   04104-5085

4