2008 ME 95

**Jeanannette WANING**

v.

**DEPARTMENT OF TRANSPORTATION.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 30, 2008.
Decided: June 10, 2008.

Paul Boots, Esq., Law Office of Paul Boots, Esq., Portland, ME, for Jeanannette Waning.

Victoria E. Morales, Esq., Rebecca H. Farnum, Esq., Thompson & Bowie, LLP, Portland, ME, for the Maine Department of Transportation.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

MEAD, J.

[¶ 1] Jeanannette Waning appeals from a judgment of the Superior Court (Cumberland County, *Cole, J.*) dismissing her complaint against the Maine Department of Transportation (MDOT). The dismissal resulted from the court's conclusion that Waning's appeal from a decision of the State Claims Commission, taken by filing a complaint pursuant to 23 M.R.S. § 157 (2007),[1] failed because she did not provide the Commission with notice of her appeal

---

1. Section 157 provides in part:

The Department of Transportation or any party or parties aggrieved by an award by the State Claims Commission may appeal to the Superior Court in the county where the land is situated within 30 days from the date the award was forwarded by the commission. This appeal is de novo and is taken by filing a complaint setting forth substantially the facts upon which the case will be tried like other civil cases.

within thirty days of its award to her as required by 23 M.R.S. § 156 (2007).[2] We vacate the judgment.

## I. BACKGROUND

[¶ 2] Jeanannette Waning owns property at 781 Lewiston Road in New Gloucester. In July 2003, Waning filed a complaint with MDOT for damage to her well caused by salt run-off. MDOT acknowledged responsibility and drilled a new well. Claiming that the new well was also contaminated, Waning applied to the Commission for an assessment of damages.[3]

[¶ 3] On May 16, 2007, the Commission viewed the property and held a hearing. It issued a written decision that was forwarded to Waning on June 5, 2007. MDOT acknowledges that the June 5 decision contained several errors, including: (1) a description of the property as 319 Portland Road in Gray (also owned by Waning) rather than the New Gloucester property; (2) a statement that $4125 of the Commission's award had already been paid

to Waning by the Bureau of Highways, which was incorrect; and (3) a significant arithmetic error in arriving at a total award of $3672.84, instead of the correct amount of $8523.46.[4]

[¶ 4] On June 27, 2007, twenty-two days after the Commission's award was forwarded to her, Waning sent a notice of appeal to MDOT. The notice pointed out the error in the Commission's decision concerning the address of her property, and advised MDOT that a complaint appealing the Commission's award would be filed in the Superior Court. She filed her complaint two days later on June 29.

[¶ 5] On July 10, 2007, Waning received a corrected decision from the Commission. The revised decision listed the correct address for her property, stated the fact that she had been offered $4125 by MDOT, but that none of that amount had actually been paid, and that the total amount awarded to her by the Commission was $8523.46.[5]

---

2. Section 156 provides in part:

An attested copy of each award must be sent immediately to the Department of Transportation and to the party or parties named in the award. The State Claims Commission shall state by letter the date it forwarded the award and all parties shall within 30 days designate to the commission the award or awards from which an appeal will be taken to Superior Court. If no appeal is taken within 30 days of the date of issuance of the commission award, the State Claims Commission shall promptly notify the Department of Transportation. The Department of Transportation shall, within 60 days from the date of issuance of the commission award, pay the awarded amount to the party or parties named in the award.

3. Pursuant to 23 M.R.S. § 652(2) (2007):

In the event an owner of land adjacent to a state or state aid highway conceives that a private water supply on that land has been destroyed or rendered unfit for human consumption by [MDOT] ... maintaining the

highway, such owner may apply in writing to the department for a determination of the alleged cause and assessment of the damage

. . . .

. . . .

E. If [MDOT] is unable to settle at what it deems a reasonable settlement, the department or owner may apply to the State Claims Commission in writing for a determination of the alleged cause and assessment of the damage. The proceedings shall then be the same as in condemnation cases.

4. The June 5 award was detailed as follows:

| | |
|---|---|
| Amount paid to the property owner(s) by the Bureau of Highways: | $4,125.00 |
| Net amount of award: | $3,375.00 |
| Interest in award: | $1,023.46 |
| Award: | $3,672.84 |

5. The July 10 award was detailed as follows:

| | |
|---|---|
| Amount offered to the property owner(s) by the Department of Transportation: | $4,125.00 |

[¶ 6] On July 20, MDOT filed a motion in the Superior Court to dismiss Warning's complaint on the ground that she had failed to give the Commission notice of her appeal as required by 23 M.R.S. § 156. Subsequently, in a notice dated August 8, sixty-four days after the Commission's original decision was forwarded to her on June 5, and twenty-nine days after the corrected decision was sent on July 10, Waning advised the Commission of her intent to appeal.

[¶ 7] Following a hearing, the Superior Court granted MDOT's motion and dismissed Waning's complaint, finding that her June 27 notice of appeal to MDOT was ineffective, and that she failed to give notice of her appeal to the Commission within thirty days of June 5, the date of its original decision. This appeal followed.

## II. DISCUSSION

[¶ 8] There are two dates of particular significance to this appeal. The first, June 5, 2007, is the date the Commission forwarded its original decision to Waning; the second, July 10, 2007, is the date Waning received the Commission's corrected decision. The Superior Court found, and neither party disputes, that Waning's August 8, 2007, notice to the Commission was untimely as to the first decision and timely as to the second. The dispositive question is therefore whether the thirty-day period established by 23 M.R.S. § 156 for Waning to give the Commission notice of her appeal began to run on June 5 or on July 10. Waning argues that the corrected decision made material changes to the original decision, and so the thirty-day clock started anew on July 10. MDOT contends that the changes in the

corrected decision were clerical, not material, and so Waning's window to give notice to the Commission closed thirty days after the June 5 decision was sent to her.

[¶ 9] This is a jurisdictional issue. We have said that "[i]f a party does not file an appeal within the statutory period, the Superior Court has no legal power to entertain the appeal." *City of Lewiston v. Me. State Employees Ass'n*, 638 A.2d 739, 741 (Me.1994). Accordingly, the Superior Court was required to dismiss Waning's complaint unless the changes made in the Commission's corrected decision restarted section 156's thirty-day time limit. Such a restart is possible if the corrected decision made material changes, as opposed to mere clerical corrections. We have quoted with approval a rule established by the Supreme Court of New Jersey:

> The general rule is that where a judgment is amended in a material and substantial respect the time within which an appeal from such determination may be taken begins to run from the date of the amendment, but where an amendment relates solely to the correction of a clerical or formal error in a judgment it does not toll the time for appeal.

*Id.* at 742 (quoting *City of Newark v. Fischer*, 3 N.J. 488, 70 A.2d 733, 735 (1950)).

[¶ 10] In deciding whether the changes made in the Commission's corrected decision were clerical or material, our construction of M.R. Civ. P. 60(a), which allows "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission [to] be corrected by the court at any time," is instructive. We have said

| | |
|---|---|
| Net amount of additional award by State Claims Commission: | $3,375.00 |
| Interest in award: | $1,023.46 |
| Total Award: | $8,523.46 |

that Rule 60(a) relief is not available, meaning that the error in question is not clerical, in order to "correct[ ] a substantive error in a judgment," or to "collaterally attack a specific finding or conclusion of the court." *Jenkins, Inc. v. Walsh Bros., Inc.,* 2002 ME 168, ¶ 16, 810 A.2d 929, 935 (holding that inclusion of a party in a judgment after a previous finding that the party had been dismissed by agreement was an attempt to make a substantive change); *Fitzgerald v. Gamester,* 1999 ME 92, ¶ 15 n. 6, 732 A.2d 273, 277–78.

[¶ 11] We conclude that the Commission's July 10 decision made substantive changes to the original decision, and did not merely correct clerical errors. The original decision contained three basic elements: (1) a statement of why a hearing was necessary and how it was conducted; (2) a description of the property at issue; and (3) the Commission's award. In the original June 5 decision, two of those three elements were simply wrong. First, Waning's property was identified as being located in Gray when it was actually in New Gloucester.

[¶ 12] Second, the total amount of the award stated in the original decision ($3672.84) was less than half of what would prove to be the correct amount ($8523.46). Given that the largest component of the original award was erroneously characterized as a sum already paid to Waning, a person looking only at that decision could do no more than guess at whether there was a mistake in the figures comprising the components of the award, or in the amount of the award itself. We cannot say that the changes made to both the characterization of the award's components and to the total amount of the award in the

July 10 corrected decision were mere clerical corrections. In fact, they significantly changed the most important part of the decision—the amount Waning was to be awarded as damages.

[¶ 13] Because the corrected decision made material changes to the original, Waning had thirty days from July 10 to give the Commission notice of her appeal. Her August 8 notice was therefore timely, and the Superior Court erred in dismissing her complaint.[6]

The entry is:

Judgment vacated; remanded for further proceedings consistent with this opinion.

---

**6.** Because we conclude that Waning's notice of appeal to the Commission was timely, we do not reach her contention that her June 27

notice to MDOT was sufficient to satisfy the requirements of 23 M.R.S. § 156.