MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2020 ME 7
Docket:      Cum-18-499
Argued:      September 25, 2019
Decided:     January 21, 2020

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN*, JABAR, and HUMPHREY, JJ.**

TOWN OF GORHAM

v.

SUSAN DUCHAINE et al.

JABAR, J.

[¶1]  This matter arises from a land use dispute between the Town of Gorham (the "Town") and Gorham property owners Susan Duchaine and her company, Design Dwellings, Inc. (hereinafter "DDI").  DDI appeals from a District Court (Portland, *J. French*, *J.*) order granting the Town's motion to enforce a consent decree entered earlier in the land-use dispute.  Because there is not a proper record to support the trial court's findings, we vacate the order and remand for further proceedings.

---

\* Although not available at oral argument, Justice Gorman participated in the development of this opinion.  *See* M.R. App. P. 12(a)(2) ("A qualified justice may participate in a decision even though not present at oral argument.").

\*\* Although Justice Hjelm participated in the appeal, he retired before this opinion was certified.

## I. BACKGROUND

[¶2] On June 1, 2017, the Town filed a land-use-enforcement claim in the District Court pursuant to Maine Rule of Civil Procedure 80K. The citation and complaint charged DDI with multiple violations of the Gorham Land Use and Development Code. DDI denied the allegations.

[¶3] In February 2018, the parties settled the dispute by agreeing to terms set forth in a consent decree.[1] The court (*Powers, J.*) ordered the consent decree to be entered as a judgment in the case on March 1, 2018. As part of the consent decree, a compliance plan listed nine items that DDI was required to complete by specified deadlines. The decree provided that upon completion of the nine items, DDI "may request the [Town's code enforcement officer] to issue a permanent Certificate of Occupancy for the Property." Pursuant to the decree, DDI was required to pay a $2,000 civil penalty and the Town's costs, as authorized by 30-A M.R.S. § 4452(3) (2018). The decree included a $10,000 penalty that would be suspended, contingent on DDI's completion of the compliance plan items, and prospective penalties in the amount of $100 per day to be imposed in the event DDI failed to comply.

---

[1] Although the parties refer to the consent decree as a "consent order," we use the interchangeable term "consent decree," which is the term more commonly found in reported decisions. *See Pike Indus., Inc. v. City of Westbrook*, 2012 ME 78, ¶ 9 n.1, 45 A.3d 707.

[¶4]  On October 4, 2018, the Town filed a motion to enforce the consent decree, alleging that DDI failed to comply with the plan and was liable for the full $10,000 suspended penalty, $45,000 in per-day penalties, and the Town's costs of enforcement.  In support of the allegations, the Town attached affidavits of its engineer and code enforcement officer (CEO) to its motion.  In its opposition filed on November 2, 2018, DDI disputed the Town's allegations of material noncompliance, contending that it had complied with all items within its control.  The Town filed a reply to DDI's opposition on November 8, 2018.

[¶5]  Seven days later, on November 15, 2018, without holding a hearing or informing the parties how it would decide the motion, the court (*J. French, J.*) granted the Town's motion to enforce the consent decree and ordered DDI to (1) complete the remaining items in the compliance plan within 30 days; (2) pay the full suspended civil penalty ($10,000); (3) pay per-day penalties for the total 450 violation days alleged by the Town ($45,000); and (4) pay the Town's costs incurred in enforcing the consent decree.  The court made no express findings of fact in support of its order and provided no rationale for its calculation of penalties and fees in excess of $55,000.  Neither party filed a motion for findings of fact.  *See* M.R. Civ. P. 52.  DDI timely appealed.  M.R. App. P. 2B(c).

## II. DISCUSSION

[¶6]  DDI argues that the court order is not supported by competent evidence in the record.[2]  When the judgment reviewed on appeal contains no findings of fact, and there is no motion for findings of fact, we will assume that the trial court found for the prevailing party on all facts necessary to support the outcome to the extent that they are supported in the record.  *Coastal Ventures v. Alsham Plaza, LLC*, 2010 ME 63, ¶ 19, 1 A.3d 416.  However, when there is no competent evidence to support the trial court's decision, vacating the order is appropriate.  *Lewisohn v. State*, 433 A.2d 351, 354 (Me. 1981).

[¶7]  We must determine whether there is competent evidence in the record to support the trial court's conclusion that DDI failed to complete five of the nine items required by the compliance plan; that DDI's failure to comply subjected it to the suspended civil penalty of $10,000; that there were 450 violation days when the Town filed its motion on October 4, 2018; that DDI was required to pay $45,000 in $100-per-day penalties for the 450 violation days;

---

[2]  Although DDI asserts that the District Court should have followed the contempt procedures set forth in Rule 66 of the Maine Rules of Civil Procedure, the Town did not file a motion for contempt. Even if the Town had filed a Rule 66 motion for contempt, DDI could not have been in contempt because DDI did not have an existing obligation to pay the Town the prospective penalties under the consent decree.  That obligation could only arise after the District Court had found that DDI did not timely comply, therefore triggering the imposition of the penalties by operation of the consent decree's terms.

and that DDI was responsible for the Town's costs incurred in the enforcement of the consent decree.

[¶8]  The Town's motion asked the trial court to enforce a consent decree entered as a judgment by the court on March 1, 2018.  The procedures for enforcing a consent decree hinge on the language of the decree itself.  When a consent decree has allegedly been violated, the trial court has broad discretion to fashion an appropriate remedy, but only in accordance with the terms of the decree.  *Perez v. Danbury Hosp.*, 347 F.3d 419, 425-26 (2d Cir. 2003); *see State v. Shattuck*, 2000 ME 38, ¶¶ 17-20, 747 A.2d 174.  Contrary to the Town's argument that the court employed a "thorough procedural process" where there was no disagreement as to the decree's penalties, the calculation of penalties necessitated a finding of noncompliance—a factual issue that the parties disputed.  Even if the amount of the penalties had been definite, the Town would still need to present evidence that DDI failed to comply with the order.

[¶9]   The Town asked the trial court to determine that DDI was noncompliant with the consent decree, thereby triggering imposition of the prospective penalties described in the decree.  To make that determination, the

6

court must rely on evidence presented at a hearing or, as anticipated by Maine Rule of Civil Procedure 43(e), through affidavits. Rule 43(e) states:

> When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

[¶10]  When a party raises an issue in a motion reliant upon facts that must be proven, it is the party's burden to properly present evidence establishing the claims made. The Town urges us to conclude that the court's implicit findings are supported by competent evidence in the record because Rule 43(e) allows the trial court to hear matters on affidavits. We cannot conclude that simply because the rule allows a court to hear a matter on affidavits that the court *did* hear the matter on affidavits. The problem here is that the trial court did not hold a hearing, did not inform the parties it would decide the motion on affidavits, and did not give DDI an opportunity to submit affidavits in opposition to the affidavits the Town submitted with its motion. In *Wiseman v. Wieschoff*, 469 A.2d 847, 848 (Me. 1984), we stated that "[i]f the court acts on the basis of affidavits, both parties should be afforded an opportunity to file affidavits pertaining to the [ ] issue."

[¶11]  Furthermore, simply attaching documents to a motion is not the equivalent of properly introducing or admitting them as evidence. Documents

attached to motions are not part of the record and therefore cannot be considered evidence in the record on appeal. *See Denoux v. Vessel Mgmt. Servs., Inc.*, 2007-2143, p. 6 (La. 5/21/08); 983 So. 2d 84, 88 ("Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal."); *Shah v. Star Anesthesia*, *P.A.*, 580 S.W.3d 260, 266 (Tex. App. 2019) ("Exhibits attached to pleadings are not evidence in a case until the exhibits are properly introduced and admitted . . . ."); *Landis Constr. Co. v. State,* 2015-1167, p. 3 (La. App. 1 Cir. 2/29/16); 199 So. 3d 1, 2-3 (evidence "cannot be considered, even if it is physically placed in the record" where it has not been officially offered and introduced); *Morrison v. Carruth*, 2015 Ark. App. 224, at 6, 459 S.W.3d 317, 321 (documents attached to a pleading are not evidence and must be introduced to be considered); *see also Deutsche Bank Nat. Trust Co. v. Wilk*, 2013 ME 79, ¶ 14, 76 A.3d 363 ("[A] fact-finder may not consider facts not properly in evidence or made part of the record.").

[¶12]   The trial court should have considered affidavit evidence from both parties to determine whether sufficient disputed facts or the necessity for credibility determinations would require a further hearing, or it could simply have held a hearing.  We cannot assume that the trial court made all the findings necessary to support its judgment for the Town because no evidence was

properly introduced or admitted, and therefore there is no record of *any* evidence to support those findings. *See Lewisohn*, 433 A.2d at 354.

The entry is:

> Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.

---

John C. Bannon, Esq. (orally), and Sage M. Friedman, Esq., Murray, Plumb & Murray, Portland, for appellants Susan Duchaine and Design Dwellings, Inc.

Mark A. Bower, Esq. (orally), and Benjamin T. McCall, Esq., Jensen Baird Gardner & Henry, Portland, for appellee Town of Gorham