MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2020 ME 50
Docket:        Cum-19-252
Argued:        February 13, 2020
Decided:       April 21, 2020

Panel:         MEAD, GORMAN,* JABAR, and HUMPHREY, JJ.**

MARLA F. BRIDGES

v.

CHRISTOPHER E. CAOUETTE

MEAD, J.

[¶1]  Christopher E. Caouette appeals from a judgment entered in the District Court (Bridgton, *Woodman, J.*) granting Marla F. Bridges's motion to correct a clerical error in the parties' divorce judgment pursuant to M.R. Civ. P. 60(a) and denying Caouette's motion to terminate spousal support. Caouette contends that the court erred and exceeded the bounds of its discretion by (1) concluding that the inclusion of the phrase "or remarries" in a provision of the divorce judgment was a clerical error, and (2) not terminating spousal support given Bridges's remarriage.  We affirm.

---

 * Although not available at oral argument, Justice Gorman participated in the development of this opinion.  *See* M.R. App. P. 12(a)(2) ("A qualified Justice may participate in a decision even though not present at oral argument.").

 ** Although Chief Justice Saufley participated in this appeal, she resigned before this opinion was certified.

## I. BACKGROUND

[¶2]   In January 2016, Bridges filed for divorce from Caouette after twenty-nine years of marriage.  In May 2016, an uncontested hearing was held before the court (*Darvin, J.*), at which Bridges—as the plaintiff—testified.  Bridges stated that Caouette would pay her "indefinite" spousal support.  Caouette did not object to Bridges's testimony.  Following the hearing, the court entered the agreed-upon divorce judgment.

[¶3]   In May 2018, Bridges remarried.  In June 2018, Bridges filed a motion to enforce the divorce judgment, asserting that Caouette had stopped paying spousal support since her remarriage.  In her motion, Bridges relied on paragraph 9 of the divorce judgment, which states:

> The parties hereby agree and stipulate and the Court hereby finds to [sic] Defendant's spousal support obligation:  Defendant shall pay general spousal support to Plaintiff in the amount of $2,200.00 per month, beginning July 1, 2016 and monthly thereafter, until such time as Plaintiff dies, or Defendant dies, whichever shall first occur.  Payment by Defendant to Plaintiff shall be made as follows: $1,016.00 every other week by automatic deposit into a bank account of Plaintiff's choosing.  The parties further agree and stipulate and the Court hereby finds that the amount of support and length of its term is fair and reasonable given the length of the marriage, the ability of each party to pay, the age of each party, the employment history and employment potential of each party, and additional factors as set forth in 19-A M.R.S.A. §951-A(5), including the division of property and debt.  The above described obligation is spousal support and therefore non-dischargeable in bankruptcy.

[¶4]   In July 2018, Caouette filed a motion to modify the divorce judgment, *see* 19-A M.R.S. § 951-A(4) (2018),[1] asserting that his obligation to pay spousal support ended when Bridges remarried.  In his motion, Caouette relied on paragraph 12 of the divorce judgment, which states:

> Pursuant to Me. R. Civ. P. 79(a), the Clerk shall make the following entry: Divorce Granted and Judgment filed.  Defendant is ordered to pay spousal support in the amount of $2,200.00 per month, beginning July 1, 2016 and monthly thereafter until such time as Plaintiff dies *or remarries*, or Defendant dies, whichever shall first occur.  By Order of the Court the Divorce Judgment is incorporated by reference in the civil docket.

(Emphasis added.)

[¶5]  In September 2018, Bridges filed a motion to correct a clerical error in the divorce judgment pursuant to M.R. Civ. P. 60(a), alleging that the inclusion of the term "or remarries" in paragraph 12 of the divorce judgment was a "scrivener's error/clerical mistake."  Bridges asserts that this portion of the judgment was merely an instruction to the clerk to enter the judgment on the docket, and not a substantive provision of the divorce judgment.

[¶6]   The court (*Woodman, J.*) held a one-day hearing addressing the parties' pending motions in March 2019.   The court issued an order on

---

[1]  Title 19-A M.R.S. § 951-A(4) has since been amended.  P.L. 2019, ch. 272, § 1 (effective Sept. 19, 2019).

4

May 28, 2019, (1) granting Bridges's motion to correct the clerical error and (2) denying Caouette's motion to modify the divorce judgment by terminating spousal support.[2] On June 4, 2019, the court endorsed Bridges's Verified Motion to Enforce Divorce Judgment with the following handwritten note: "Order[:] Issue addressed in the Order issued on 5/28/19."

[¶7] With regard to Bridges's motion to correct the clerical error, the court found that, on the date of the divorce hearing, the parties discussed the language of the spousal support provision and whether it would automatically terminate on remarriage. The court also found that Bridges testified that spousal support would be "indefinite." Caouette did not object to her testimony. The court concluded that the parties did not intend to have spousal support automatically end upon remarriage, and therefore, the addition of the term "or remarries" in the divorce judgment was a scrivener's error.

[¶8] With respect to Caouette's motion to terminate spousal support, the court found that Bridges is disabled, that she receives monthly Social Security benefits, and that her current husband provides her with monthly financial assistance. Regarding Caouette's ability to pay, the court found that Caouette's

---

[2] However, in ruling on Bridges's motion to enforce the divorce judgment, the court did order a significant reduction in the amount of spousal support.

income has decreased slightly, but that his monthly living expenses are less today than at the time of the divorce because he has also remarried and because his wife receives half of her ex-husband's pension. Based on these findings, the court concluded that Caouette's monthly payments should be reduced to $1,000 per month, but not terminated. Caouette timely appealed. *See* M.R. App. P. 2B(c)(1).

## II. DISCUSSION

A.    Motion to Correct Clerical Error

[¶9] Caouette asserts that the court erred and abused its discretion when it granted Bridges's motion to correct the clerical error in the divorce judgment pursuant to M.R. Civ. P. 60(a).

[¶10]   "We review an order on a post-divorce motion for abuse of discretion or error of law," *Hawksley v. Gerow*, 2011 ME 3, ¶ 4, 10 A.3d 715, but review the interpretation of Rules of Civil Procedure de novo, *see Bean v. Cummings*, 2008 ME 18, ¶ 17, 939 A.2d 676. "We look to the plain language of the Rules of Civil Procedure to determine their meaning." *Id.*

[¶11]  Pursuant to M.R. Civ. P. 60(a):

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the

motion of any party and after such notice, if any, as the court orders.

[¶12] "Rule 60(a) relief is not available, meaning that the error in question is not clerical, in order to correct a substantive error in a judgment[] or to collaterally attack a specific finding or conclusion of the court." *Waning v. Dep't of Transp.*, 2008 ME 95, ¶ 10, 953 A.2d 365 (alteration omitted) (quotation marks omitted). Instead, Rule 60(a) may be invoked only when the clerical error is obvious from the face of the judgment. *Cf. Williams v. Williams*, 645 A.2d 1118, 1122 (Me. 1994) (holding that "inadvertently switch[ing]" figures in a divorce judgment constituted a clerical error); *Matheson v. Matheson*, 633 A.2d 400, 401 (Me. 1993) (holding that "a discrepancy in the court's [divorce] judgment and findings of facts as to the amount of the defendant's income" could be corrected pursuant to Rule 60(a)).

[¶13] Here, there is a patent ambiguity in the divorce judgment. This ambiguity results from the inclusion of the term "or remarries" in paragraph 12 of the divorce judgment to describe when spousal support terminates—language that does not appear in the provision for spousal support in paragraph 9 of the judgment. Given that this patent ambiguity is more than a "clerical mistake," the court erred by correcting the error pursuant to Rule 60(a). The error in the divorce judgment is not obvious from the four

corners of the document. *Cf. Williams*, 645 A.2d at 1122. Because there are two conflicting provisions, "a person looking at [the divorce judgment] could do no more than guess" which provision reflects the intent of the parties. *Waning*, 2008 ME 95, ¶ 12, 953 A.2d 365.

[¶14] What the court actually did, however, in granting relief to Caouette in the form of reducing the amount of spousal support after taking the parties' testimony and interpreting the testimony from the 2016 uncontested divorce hearing, was rule on Bridges's motion to enforce. In doing so, the court interpreted that portion of the judgment that granted spousal support to Bridges. *See id.* Although we must conclude that the court should not also have granted relief pursuant to M.R. Civ. P. 60(a), its decision to reduce the amount of support Caouette must pay effectively granted Bridges's motion to enforce.[3]

[¶15] As noted above, the court held a full testimonial hearing and, after considering the evidence presented, including a transcript of the testimony they presented at the original divorce hearing, the court determined that the agreement of the parties at the time they divorced—an agreement that was adopted and ordered by the court—was that only death would automatically

---

[3] This result is confirmed by the court's handwritten note on the motion to enforce indicating that its May 28, 2019, action on the motion to modify rendered it unnecessary to further address Bridges's motion to enforce.

8

end spousal support. Although the court erred in identifying its decision as a clerical correction, it is clear from the court's judgment that it was *interpreting* the original divorce judgment. In so doing, it was acting to grant Bridges's motion to enforce.

[¶16] Reviewing the court's order as a decision on the motion to enforce, we discern no error of law or abuse of discretion in the court's findings or its judgment. The court's order interpreting the divorce judgment is entirely supported by the record, and we affirm it here.

B.     Motion to Terminate Spousal Support

[¶17] Caouette also argues that the court erred and abused its discretion in denying his motion to terminate spousal support based substantively on Bridges's remarriage. We review the denial of a motion to terminate spousal support for an abuse of discretion and "consider (1) whether factual findings, if any, are supported by the record pursuant to the clear error standard; (2) whether the court understood the law applicable to its exercise of discretion; and (3) given the facts and applying the law, whether the court weighed the applicable facts and made choices within the bounds of reasonableness." *Voter v. Voter*, 2015 ME 11, ¶ 18, 109 A.3d 626 (quotation marks omitted). The court can modify an award of spousal support if it finds

"a substantial change in either the payor or payee spouse's financial condition." *Charette v. Charette*, 2013 ME 4, ¶ 7, 60 A.3d 1264 (quotation marks omitted); *see* 19-A M.R.S. § 951-A(4). "While a court may and generally will determine that remarriage represents a substantial change in circumstances, the trial court must determine whether that change justifies modification in light of all other relevant facts." *Dow v. Adams*, 1998 ME 48, ¶ 10, 707 A.2d 793. Therefore, a court may continue spousal support "past remarriage when it deems it just to do so." *Id.*

[¶18] The court did not err when it found that Bridges still needed spousal support despite her remarriage. Due to her disability, Bridges is not able to work to support herself. The court found that although she receives financial support from her husband, Bridges "will never have significant earnings given her disability." Furthermore, the court did not err in finding that Caouette has the ability to pay spousal support given his income, his remarriage, and his reduced living expenses. The court's decision to deny Caouette's motion to terminate spousal support due to Bridges's remarriage, based on its findings regarding the financial situations of both parties, was not an abuse of discretion. *See Voter*, 2015 ME 11, ¶ 23, 109 A.3d 626.

The entry is:

Judgment affirmed.

---

Peter J. Cyr, Esq. (orally), Law Offices of Peter J. Cyr, Portland, for appellant Christopher E. Caouette

Bradley C. Morin, Esq. (orally), Bourque Clegg Causey & Morin, LLC, Sanford, for appellee Marla F. Bridges

Bridgton District Court docket number FM-2016-6