MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2022 ME 45
Docket:        Ken-21-370
Submitted
  On Briefs:   June 22, 2022
Decided:       August 11, 2022

Panel:         MEAD, JABAR, HORTON, and LAWRENCE, JJ.

JULIE BEEDLE

v.

DUANE BEEDLE

LAWRENCE, J.

[¶1] Duane Beedle appeals from a judgment of the District Court (Waterville, *Gilbert, J.*) granting Julie Beedle's motion to amend a 2019 stipulated order by inserting a vehicle or serial identification number next to each alleged corresponding item of personal property listed in that stipulated order. Duane argues that Julie's motion is untimely. We agree and therefore vacate the order and remand for dismissal of the motion.

## I. BACKGROUND

[¶2] The following facts are taken from the procedural record. *See, e.g.*, *Philbrook v. Theriault*, 2008 ME 152, ¶ 2, 957 A.2d 74. The parties were divorced by judgment entered by the court (*Stanfill, J.*) in January 2013. Between 2014 and 2018, they filed various post-judgment motions. On

January 3, 2019, having reached an agreement the preceding day, the parties presented their stipulations to the court. Without a hearing on the post-judgment motions pending at that time, the court (*Montgomery, J.*) executed a stipulated order on that same day. The stipulated order required that Duane pay $50,000 to Julie over a period of two years. Specifically, $25,000 was to be paid to Julie immediately, with the remaining $25,000 to be paid to Julie in two later installments. To secure payment of the remaining $25,000, the stipulated order further required that Duane grant to Julie a security interest in certain items of personal property, which were listed by name or description but were not accompanied by an identifying number, such as a vehicle or serial identification number.[1]

[¶3] After Julie filed motions for contempt, to enforce, and for a turnover order, 14 M.R.S. § 3131 (2022), the court entered an order for a writ of possession, dated August 27, 2020, commanding the sheriff to provide Julie with possession of the personal property listed as security for the debt still owed by Duane pursuant to the stipulated order. When execution of the writ of possession was unsuccessful, Julie filed another motion for contempt against

---

[1] The items of personal property in which Duane was required to grant Julie a security interest were listed in the stipulated order as follows: "Lund Fishing Boat and Trailer; 1977 Corvette Stingray; Large covered trailer; Harley Davidson Electra Glide; Honda ATV; Snowmobiles; and Snap-on Tools."

Duane. The court (*Rushlau, J.*) entered an order, dated July 16, 2021, dismissing Julie's motion for contempt without prejudice because she failed to provide proper notice to Duane. In the July 16 order, the court observed that the list of personal property items in the 2019 stipulated order lacked unique identifying numbers, and it noted that Julie had never moved to amend that order to include such unique identifying information.[2]

[¶4] On September 20, 2021, Julie, through her counsel, filed a motion to amend the 2019 stipulated order. She cited no rule of court or other authority for her request, but nonetheless asked the court to add vehicle or serial identification numbers next to the corresponding names or descriptions of the personal property items in which she was to be granted a security interest.[3] In support of her motion, Julie attached what appears to be a security agreement, signed by Duane and dated January 2, 2019, granting Julie a security interest in the personal property specified in the January 3, 2019, stipulated order and listing the items' corresponding serial or vehicle identification numbers. Julie also attached what appears to be a UCC financing statement on file with the

---

[2] Because the order on Julie's contempt motion is not before us and the court did not reach the merits of that motion, we express no view on whether the stipulated order would need to be amended for Julie to pursue a contempt motion.

[3] Julie's motion to amend did not, however, seek the addition of identification numbers for the Snowmobiles or Snap-on Tools.

4

Secretary of State, which provides for Julie's security interest in the items listed in the stipulated order and, like the security agreement, lists the corresponding unique identification number for each item.

[¶5] Duane filed an objection, dated October 4, 2021, to Julie's motion to amend in which he represented that he received Julie's motion via regular mail on the same day that it had been filed with the court. In his objection, Duane argued only that the motion was untimely, contending that it was untimely regardless of whether it was treated as a motion to alter or amend the judgment, *see* M.R. Civ. P. 59(e), or as a motion for relief from judgment based on mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud, *see* M.R. Civ. P. 60(b).

[¶6] Construing Julie's motion as "a motion to correct an ambiguity or clerical error" in the stipulated order, *see* M.R. Civ. P. 60(a), the court (*Gilbert, J.*) granted Julie's motion without holding a hearing. By judgment dated October 22, 2021, the court sought to "clarify" an "ambiguity" in the 2019 stipulated order and directed that the list of personal property in that order be corrected to include the corresponding vehicle or other serial identification numbers. Duane timely appealed the judgment. *See* M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶7]  Duane argues that the court erred in granting Julie's motion pursuant to Rule 60(a) because amending the stipulated order to include identifying numbers associated with the items of personal property was a substantive change rather than the mere correction of a clerical error.[4]  He also contends that Julie's post-judgment motion was untimely filed pursuant to M.R. Civ. P. 52(b), 59(e), and 60(b).

[¶8]  "We review an order on a post-divorce motion for abuse of discretion or error of law, but review the interpretation of Rules of Civil Procedure de novo."[5]  *Bridges v. Caouette*, 2020 ME 50, ¶ 10, 230 A.3d 1 (quotation marks and citation omitted).  Maine Rule of Civil Procedure 60(a) provides, "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the

---

[4] We address this argument despite Duane's failure to raise it in his objection to Julie's motion to amend because Duane could not have known that the court would construe Julie's motion to amend as a motion to correct a clerical mistake.  We do not, however, address Duane's argument that he was never formally served with Julie's motion pursuant to M.R. Civ. P. 103, which also was not raised in Duane's objection to Julie's motion and is therefore waived.  *See Moores v. Doyle*, 2003 ME 105, ¶ 7, 829 A.2d 260 ("Unless the defense of insufficient service of process is raised in a responsive pleading or by motion, it is not preserved for appellate review."); M.R. Civ. P. 106(b).  In fact, Duane acknowledged receipt of Julie's motion in his objection.

[5] Neither party asserts, nor do we discern, that the court "utilized its inherent authority to clarify an ambiguous provision" in the stipulated order.  *Thompson v. Rothman*, 2002 ME 39, ¶ 1, 791 A.2d 921.

court at any time of its own initiative or on the motion of any party." Relief under Rule 60(a) is limited to clerical mistakes and is not available to correct substantive errors. *Bean v. Cummings*, 2008 ME 18, ¶ 18, 939 A.2d 676; *Bridges*, 2020 ME 50, ¶ 12, 230 A.3d 1. We have interpreted that limitation to mean that "Rule 60(a) may be invoked only when the clerical error is obvious from the face of the judgment." *Bridges*, 2020 ME 50, ¶¶ 12-13, 230 A.3d 1 (holding that the court could not, pursuant to Rule 60(a), correct a "patent ambiguity" resulting from two conflicting terms in a divorce judgment when the error was not "obvious from the four corners of the document"); *see Waning v. Dep't of Transp.*, 2008 ME 95, ¶¶ 3, 5, 11, 953 A.2d 365 (explaining that, when an order improperly identified property as being located in Gray, the amendment of that order, correcting the description of the property to its actual location in New Gloucester, was a substantive change).

[¶9] Here, the absence of vehicle or other serial identification numbers from the stipulated order does not appear from the four corners of that stipulated order to be an obvious clerical error.[6] It is telling that the identifying

---

[6] Because the correction of a clerical error under Rule 60(a) requires that the error be discernible from the four corners of the judgment that a party seeks to amend, the court's comment in its July 16, 2021, order—observing in passing that the stipulated order lacked identifying numbers—does not somehow transmute the absence of such numbers into a clerical mistake in the inarguably separate and distinct stipulated order issued over two and one-half years before the comment.

numbers had to be provided to the court in the form of the exhibits attached to Julie's motion in order for it to correct the alleged clerical error. The fact that such extrinsic evidence was necessary for the court's Rule 60(a) determination underscores that the attempt to "correct" the stipulated order to include the identifying numbers constituted a substantive change rather than the correction of a clerical omission. Moreover, the absence of a hearing left the trial court, and now us, without the capacity to review the admissibility of those exhibits.[7] *See Town of Gorham v. Duchaine*, 2020 ME 7, ¶ 11, 224 A.3d 241 ("[S]imply attaching documents to a motion is not the equivalent of properly introducing or admitting them as evidence. Documents attached to motions are not part of the record and therefore cannot be considered evidence in the record on appeal."); *Deutsche Bank Nat'l Tr. Co. v. Wilk*, 2013 ME 79, ¶ 14, 76 A.3d 363 ("[A] fact-finder may not consider facts not properly in evidence or made part of the record."). To the extent that there was an oversight or

---

[7] Similarly, the absence of a hearing on January 3, 2019, when the stipulated order was executed, makes it unclear whether the identifying numbers were even provided to the court. If neither party proffered this information, the lack of identifying numbers in the stipulated order could not have been the result of the court's oversight or omission.

8

omission of the type contemplated by Rule 60(a), there must be evidence in the record to show that inadvertent error by the court.

[¶10]  Because amending the stipulated order to include vehicle and serial identification numbers constituted a substantive change, Julie's motion to amend the 2019 stipulated order should have been considered pursuant to Rule 59(e) as a motion to alter or amend the judgment and then dismissed as untimely.  *See* M.R. Civ. P. 59(e) (requiring that motions to alter or amend the judgment be filed not later than 14 days after entry of the judgment).[8]

The entry is:

Judgment vacated and remanded for dismissal.

Stephen C. Smith, Esq., Steve Smith Trial Lawyers, Augusta, for appellant Duane Beedle

Brenden Smith, Esq., Law Office of Brenden Smith, Bowdoinham, for appellee Julie Beedle

Waterville District Court docket number FM-2010-415
For Clerk Reference Only

---

8  Julie filed her motion to amend the stipulated order 977 days after the January 17, 2019, filing deadline established pursuant to Rule 59(e) (i.e., fourteen days after the entry of the stipulated order by the court on January 3, 2019).